**Donald R. STEWART, Respondent,**

v.

**Paul SIDIO and Patsy Sidio, Appellants.**

**No. SD 31098.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 2012.

Patricia Keck, Jason Coatney, Springfield, MO, for Appellants.

No appearance for Respondent.

DANIEL E. SCOTT, Judge.

In this non-jury case, the trial court

ordered defendants[1] to remove fencing that blocked a buffer strip running along and behind their subdivision lots. Defendants admit they do not own the strip, but allege that plaintiff lacks standing to complain because he does not own it either. We affirm the judgment because (1) the trial court did not misapply the law in focusing on possession, not ownership, of the strip; and (2) defendants do not properly present an "against the weight of evidence" challenge.[2]

## Background

The record, viewed favorably to the judgment, shows that plaintiff bought 360 acres of pasture land in 1970. The tract's east fence line (the "Busiek" fence) did not necessarily reflect the actual property line. Land to the east was acquired by the Missouri Department of Conservation (MDC) in 1987 and became known as Busiek Park.

Plaintiff platted a subdivision on part of his land in 1994. Concerned that the Busiek fence might not be his true boundary, plaintiff sought to reserve a 50–foot buffer between the subdivision and that fence. In fact, survey pins for the subdivision's east edge were set more than 100 feet short of the Busiek fence.

Plaintiff sold the subdivision to his business partner, but retained the buffer strip (and land south of the subdivision) and continued to pay property taxes on it.

Plaintiff allowed subdivision residents to cross the buffer to access Busiek Park.

In 2001–02, defendants bought the easternmost subdivision lots and started keeping horses there. By running two barbed wire fences across to the Busiek fence, defendants effectively turned part of the buffer strip into a rectangular pen.[3] Defendants refused to remove these fences when plaintiff objected, and threatened to prosecute if plaintiff entered the property.

Plaintiff sued for ejectment, trespass, and injunctive relief. At trial, defendants admitted they had fenced and were using land they did not own. A surveyor confirmed that defendants' fences extended beyond their land. Based on this and other evidence, the trial court ordered defendants to remove their fences and enjoined them from using the buffer strip.

## Crux of Defendants' Complaints

Defendants' arguments start from, and hinge upon, these contested propositions:

- Plaintiff's original 360 acres, in fact, ended considerably short of the Busiek fence.

- Therefore, plaintiff never owned the buffer strip, or at least not all of it.

- After MDC's Busiek acquisition and plaintiff's sale to his business partner, plaintiff owned none of the buffer strip.

the judgment *is against the weight of the evidence and misapplies the law* [our emphasis] in that plaintiff was not the record owner of the disputed property and did not have standing to bring an action for ejectment or trespass and did not quiet title to the disputed property through adverse possession.

---

1. We refer to the parties as they were in the trial court: Mr. Stewart as "plaintiff" and the Sidios as "defendants."

2. Per *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we must affirm a bench-tried judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. Defendants' sole point, quoted below in pertinent part, raises two of these possible challenges:

3. Some 1,280 feet long and ranging from 106 to 118 feet wide.

• Thus, plaintiff had no basis to complain about defendants' use and fencing of the strip.

There was evidence pro and con regarding these matters. The record reflects the trial court's attentive, diligent effort to sort out conflicting and sometimes obscure testimony as to boundaries and the like. We find it appropriate, therefore, to accord particular deference to "the trial judge's opportunity to view and understand queries and testimonial references to photographs, diagrams, and maps at trial in a case such as this where, upon review, descriptions such as 'down here,' 'this side,' 'at this point,' 'right here,' etc., are meaningless absent specific designations in the record." *Thomason Inv., L.L.C. v. Call*, 229 S.W.3d 297, 300 (Mo.App.2007).

### Analysis

■ The trial court did not misapply the law in focusing on possession, rather than ownership, regarding plaintiff's trespass, ejectment, and injunction claims. Plaintiff did not have to be record owner under any of these theories. *See, e.g., Int'l Bhd. of Elec. Workers v. Monsees*, 335 S.W.3d 105, 108 (Mo.App.2011)(trespass); *Elton v. Davis*, 123 S.W.3d 205, 213 (Mo.App.2003)(ejectment); *Kugler v. Ryan*, 682 S.W.2d 47, 49–50 (Mo.App.1984)(injunctive relief lies against continuing or ongoing trespass).

■ We also reject defendants' complaint that MDC was the true owner and, thus, the real party in interest.[4] Plaintiff was entitled to have a court decide whether he or defendants "had better *title* as between themselves, even if 'the real title' was held by" MDC. *Fairdealing Apostolic Church, Inc. v. Casinger*, 353 S.W.3d 396,

400 (Mo.App.2011)(emphasis added). *A fortiori*, plaintiff could sue for mere possession without MDC's participation.

Most of defendants' argument misses the mark in seeking to prove that plaintiff "did not quiet title to the disputed property through adverse possession." The judgment's possession findings merely supported the relief granted in trespass and otherwise. Plaintiff did not sue to quiet title, the trial court did not intend to grant such relief,[5] and the judgment does not purport to do so.

In summary, from evidence admitted without objection, the trial court could and did find that plaintiff's possessory claim trumped that of defendants, who do not claim this judgment lacks evidentiary support, and we find no misapplication of law. This leaves only defendants' claim that the judgment is against the weight of the evidence, which fails because it is not properly presented or adequately developed.

■ Evidentiary "weight" refers to probative value, not quantity or amount, and is not determined by mathematics, but by the ability to induce belief. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. 2010). An "against the weight" challenge presupposes the judgment's evidentiary support, but challenges that evidence's probative value to induce necessary belief, and involves four sequential steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposi-

---

4. Under Rule 52.01, civil actions should be prosecuted by the real party in interest.

5. The court repeatedly said that it was not deciding land title or ownership, and that its judgment would not bind MDC, a non-party.

tion, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id.* at 186–87.[6] By ignoring these steps, especially (2) and (4), defendants strip their arguments of any persuasive value. *Id.* at 189. Nor can we grant relief, because:

To support a favorable decision for Defendants on this point would require this Court to devise and articulate its own demonstration of how the omitted favorable evidence, either by itself or considered along with the partial favorable evidence included by Defendants in their argument, is not substantial evidence or is lacking in probative value as compared to the totality of the evidence, so as to be against the weight of the evidence. Such action on our part would thrust us into becoming an advocate on Defendants' behalf; a role we are prohibited from assuming.

*Id.*

### Conclusion

Defendants have not carried their burden, as appellants, to convince us of reversible error. Judgment affirmed.

FRANCIS, P.J., and BATES, J., concur.

---

**6.** These steps recognize that while we must consider contrary evidence in this type of review, we still defer to the trial court as factfinder, and to its credibility decisions, and will find a judgment to be against the weight of the evidence only when we firmly believe the judgment is wrong. *Id.* at 186.