**Vernon JORDAN, Appellant,**

v.

**USF HOLLAND MOTOR FREIGHT, INC., Respondent.**

**No. SD 31824.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 2012.

Sheila Rae Blaylock, Poplar Bluff, for Appellant.

Stephen A. McManus, St. Louis, for Respondent.

DANIEL E. SCOTT, P.J.

This workers compensation appeal reprises a familiar sequence: (1) a battle of experts as to cause or extent of disability; (2) an award favoring the party whose experts were found to be more credible; and (3) an appellant who claims this is "the rare case when the award is contrary to the overwhelming weight of the evidence" (*Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)), but does not marshal facts or develop an argument to properly support this claim.

The award is supported by competent and substantial evidence, and is not shown to be contrary to the overwhelming weight of the evidence. We affirm.

## Background

Claimant, a truck driver, fell from his cab. More than two years of medical treatment, mostly for left shoulder and low back pain, included two shoulder surgeries. An award of $39,925.70 for these injuries is not in dispute.

At issue is causation of a herniated disc that first manifested more than two years after the fall. Claimant's expert, Dr. Cohen, finally attributed this to Claimant's physical therapy for his shoulder, thus deeming it "a natural or a normal consequence" of the prior work injury.[1] The employer countered with two doctors who rejected this theory and found no relationship between the herniated disc and Claimant's fall or therapy. The ALJ found the employer's experts more credible than Dr. Cohen, explained at length why, and awarded no benefits for the herniated disc. The Labor and Industrial Relations Commission affirmed and adopted the ALJ's award.

## General Principles of Review [2]

■ As we noted in *Proffer v. Federal Mogul Corp.*, 341 S.W.3d 184 (Mo.App. 2011):

[W]e review the ALJ's findings and decision because they were adopted by the Commission, and we defer to the ALJ's credibility determinations, weighing of evidence, and decisions between competing medical theories. To choose between two conflicting medical theories is a determination particularly for the Commission because the weighing of expert testimony on matters relating to medical causation lies within the Commission's sole discretion and cannot be reviewed by this Court. We are bound, therefore, by the ALJ's decision as to which of the various medical experts to believe.

*Id.* at 187 (citations and quotation marks omitted).

Thus, this case is similar to *Payne v. Thompson Sales Co.*, 322 S.W.3d 590 (Mo. App.2010), which featured different causation opinions from two experts, each of whom had examined the claimant, re-

---

1. As the award notes, Dr. Cohen's opinions changed as the case progressed:

    Dr. Cohen initially opined that the employee's disc herniation and surgery were a direct result of the April 2002 work accident. Dr. Cohen then changed his opinion and opined that the employee actually sustained the herniation while in physical therapy from two incidents; one involving turning the wheel of a stationary bike and the second involving lifting weights. Ultimately, Dr. Cohen changed his opinion yet again and in his January 11, 2010 deposition testified the herniated disc and surgery where caused by an incident when the employee turned the steering wheel during a simulated driving activity. However, Dr. Cohen admitted that the employee never told him anything about an injury involving simulated driving.

These shifting opinions were part, but not all, of the ALJ's stated reasons for rejecting Dr. Cohen's causation theory and finding that he lacked credibility.

2. Our review is not materially affected by the Rule of Necessity, under which Commissioner Ringer cast the deciding vote as he has at other times in his tenure. *See, e.g., Henley v. Fair Grove R–10 School Dist.*, 253 S.W.3d 115, 127, 131 n. 11 (Mo.App.2008). No party claims impropriety by Commissioner Ringer or that the rule was improperly invoked, and the statutory standard of review "does not allow us to intrude upon the factual determinations made by the Commission based upon credibility, if the credited witness's testimony is otherwise supported by substantial and competent evidence on the record as a whole." *Id.* at 131–32 n. 11.

viewed the medical records, and explained the basis for his opinion. Admissibility was not an issue, so the ALJ could consider both opinions and rely upon either, a decision that we were not authorized to second guess. *Id.* at 593.

### Claim & Analysis

 Claimant seeks, per *Hampton*, 121 S.W.3d at 223, to portray this as "the rare case when the award is contrary to the overwhelming weight of the evidence."

■ Successful "against the weight" challenges, by their nature, involve four steps:

1. Identify a factual proposition needed to sustain the result;
2. Marshal all record evidence supporting that proposition;
3. Marshal contrary evidence of record, subject to the factfinder's credibility determinations, explicit or implicit; and
4. Prove, in light of the whole record, that the step 2 evidence and its reasonable inferences are so non-probative that no reasonable mind could believe the proposition.

*See, e.g., Stewart v. Sidio,* 358 S.W.3d 524, 527–28 (Mo.App.2012); *Houston v. Crider,* 317 S.W.3d 178, 187 (Mo.App.2010).[3]

Claimant focuses on step 3, emphasizing testimony favorable to him, even some that the ALJ did not credit. He largely ignores steps 2 and 4 and the ALJ's credibility findings, which strips his argument of persuasive or analytical value. *See Stew-*

*art,* 358 S.W.3d at 528; *Houston,* 317 S.W.3d at 188–89.[4]

### Conclusion

Claimant has not shown, nor have we found, that this is the "rare case" for reversal per *Hampton*. We reject Claimant's sole point and affirm the award.

JEFFREY W. BATES, J., and DON E. BURRELL, C.J., concur.

---

3. *Houston* and its progeny, not being workers compensation cases, involved "against the weight" claims. *Hampton* speaks in terms of "overwhelming weight," which may reflect a difference in degree, but not in analysis.

4. Claimant's reliance on cases like *Tillotson v. St. Joseph Medical Center,* 347 S.W.3d 511 (Mo.App.2011), is misplaced. "This case highlights the material distinction between determining whether a compensable injury has occurred and determining the medical treatment required to be provided to treat a compensable injury." *Id.* at 517. *Tillotson* involved the latter situation, but as to the herniated disc, this case involves the former.