

# Missouri Court of Appeals
### Southern District
#### Division Two

JENNIFER THOMAS,      )
)
     Claimant-Respondent,  )
)
vs.         )     No. SD34151
)
FORSYTH CARE CENTER,   )     Filed March 22, 2016
)
     Employer-Appellant,   )
)
and        )
)
MISSOURI NURSING HOME  )
INSURANCE TRUST,    )
)
     Insurer-Appellant.   )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMISSION

<u>AFFIRMED</u>

The Labor and Industrial Relations Commission ("the Commission") awarded Jennifer Thomas ("Claimant") commutation of her workers' compensation permanent total disability benefits. Forsyth Care Center and Missouri Nursing Home Insurance Trust (collectively "Employer") contend on appeal that the commutation award is not supported by sufficient competent evidence. Finding no merit in Employer's contention, we affirm the Commission's decision.

1

## Standard of Review

Our review on appeal is governed by section 287.495[1] and ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 222 (Mo. banc 2003), which state that a

> court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> That the [C]ommission acted without or in excess of its powers;
>
> That the award was procured by fraud;
>
> That the facts found by the [C]ommission do not support the award;
>
> That there was not sufficient competent evidence in the record to warrant the making of the award.

Our review is limited by the Missouri constitution, article V, section 18, to a determination of whether the award is "supported by competent and substantial evidence upon the whole record." This "standard is not met if the award is contrary to the overwhelming weight of the evidence." ***Wagner v. Harbert Yeargin Constr. Co.***, 145 S.W.3d 511, 513 (Mo.App. 2004).

We do not re-weigh the evidence presented to the Commission; rather, we defer to the Commission's findings as to the credibility of witnesses and the weight of a witness's testimony. ***Hornbeck v. Spectra Painting, Inc.***, 370 S.W.3d 624, 629 (Mo. banc 2012). Accordingly, although we review questions of law *de novo*, we will not substitute our own judgment on issues of fact where the Commission has acted within its authority, even if we would have reached a different conclusion. ***Underwood v. High Road Indus., LLC***, 369 S.W.3d 59, 66 (Mo.App. 2012).

---

[1] References to statutes are to RSMo 2000.

**Factual and Procedural Background**

On December 10, 2007, Claimant was awarded a Temporary or Partial Award of workers' compensation benefits in connection with an injury sustained performing her work duties at Forsyth Care Center. Employer failed to comply with that temporary award and Claimant was unable to obtain certain treatments, worsening her condition. Employer offered no explanation for its failure to comply, and the Commission found Employer's conduct to demonstrate "an attitude of brazen indifference toward its obligations to [Claimant] under the administrative law judge's award." Claimant was later determined to be permanently and totally disabled by an administrative law judge ("ALJ"), and Employer appealed. The ALJ's decision was affirmed on appeal to the Commission and in an unpublished opinion from this Court (Appeal No. SD32768). Following that decision, Claimant filed a motion for commutation of her permanent and total disability benefits.

At a hearing on her motion, Claimant testified that her husband is disabled and receives a net $764 per month in disability benefits. Claimant receives a net $795.96 per month in workers' compensation benefits. They receive no other income. In June of 2014, Claimant moved from Kirbyville, Missouri (near Branson), to Grain Valley, Missouri (near Kansas City). Despite her move to Grain Valley, Claimant still receives medical care from Dr. Paul Geiger in Branson every three months.[2] At Employer's request, Claimant was evaluated by Drs. Steven Hendler and Ted Lennard, but neither initiated a doctor-patient relationship.

Claimant's visits to Dr. Geiger cost anywhere from $97 to $150, which she had to pre-pay and then wait "[a]lmost a month" for reimbursement. After Claimant filed for commutation, premised upon Employer's requirement that she pre-pay and then seek reimbursement and the

---

[2] Claimant would prefer to receive care in Kansas City, but has been unable to find a doctor to treat her injuries in the Kansas City area.

financial hardship that imposed upon her and her family, Employer set up a payment mechanism whereby Dr. Geiger was paid directly by Employer. Before Employer set up a direct payment mechanism for Claimant's pharmacy, Claimant would also spend approximately $245 per month for prescriptions, which she then had to submit to Employer for reimbursement. Because of her family's limited and fixed income, waiting for reimbursement was a hardship for Claimant. Employer had been paying Claimant's mileage for her doctor trips but informed her after her last trip that that would be the last time they paid it.

The Commission found Claimant's testimony that commutation would help her avoid undue hardship to be credible in light of Employer's "well-documented history of disregarding the [ALJ's] temporary award." Although the Commission recognized that, after Claimant filed for commutation, Employer had stopped requiring Claimant to pre-pay and then seek reimbursement, the Commission remained concerned that Employer would "continue to ignore its obligations, jeopardizing the financial security of [Claimant's] family." The Commission found those to be "unusual circumstances" and awarded commutation. Employer timely appeals.

## Discussion

In a single point relied on, Employer contends:

> The [Commission] erred in finding that the [Claimant] was entitled to a commutation of the Permanent Total Disability award, in that there was not sufficient competent evidence in the record to warrant commutation of the award under the statutory standards of §287.530 R.S. Mo 2000 and for the further reason that the Commission erroneously interpreted said statute.

We disagree.

We initially observe that Employer's point is multifarious. Points containing multiple allegations of error do not comply with Rule 84.04 and are considered multifarious.[3] *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo.App. 2006). We need not further address that issue,

---

[3] All rule references are to Missouri Court Rules (2015).

4

however, because the point's second allegation of error—the Commission "erroneously interpreted" section 287.530—is not developed or addressed in any manner in the argument section of Employer's brief and is thereby abandoned. "When an appellant fails to support a point with relevant legal authority or argument beyond conclusory statements, the point is deemed abandoned." *Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 576 (Mo.App. 2013).

We now turn to Employer's first allegation of error—"there was not sufficient competent evidence in the record to warrant commutation of the award[.]" Employer's point, as related to this legal reason challenging the award, fails to comply with Rule 84.04(d)(2)(C), which requires a point relied on to "explain in summary fashion why, in the context of the case, [this legal reason supports] the claim of reversible error." Employer's point completely omits any such explanation and leaves us with no context within which to evaluate Employer's challenge to the award. Employer's argument fares no better.

A successful against-the-weight-of-the-evidence argument completes four steps:

1. Identify a factual proposition needed to sustain the result;

2. Marshal all record evidence supporting that proposition;

3. Marshal contrary evidence of record, subject to the factfinder's credibility determinations, explicit or implicit; and

4. Prove, in light of the whole record, that the step 2 evidence and its reasonable inferences are so non-probative that no reasonable mind could believe the proposition.

*Jordan v. USF Holland Motor Freight, Inc.*, 383 S.W.3d 93, 95 (Mo.App. 2012) (citing *Stewart v. Sidio*, 358 S.W.3d 524, 527-28 (Mo.App. 2012); *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo.App. 2012)).

Section 287.530 provides:

1. The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the

employer, of a lump sum which shall be fixed by the division or the commission, which sum shall be equal to the commutable value of the future installments which may be due under this chapter, taking account of life contingencies, the payment to be commuted at its present value upon application of either party, with due notice to the other, if it appears that the commutation will be for the best interests of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, or that the employee or dependent has removed or is about to remove from the United States or that the employer has sold or otherwise disposed of the greater part of his business or assets.

2. In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or so that it will avoid undue expense or undue hardship to either party, the division or the commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. *Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure.*

(Emphasis added).

Although Employer states in its argument that Claimant failed to demonstrate "unusual circumstances," as that term is used in section 287.530, we cannot find that Employer ever identifies any specific challenged factual proposition that is necessary to sustain the judgment (*Jordan* step one). Cases in which "unusual circumstances" are typically found and commutation is affirmed will show "evidence established as necessary to alleviate the specific hardship shown." *See* ***Am. Oil Co. v. Pierce***, 472 S.W.2d 458, 462-65 (Mo.App. 1971), and cases cited therein. Because Employer generally asserts that Claimant has not shown "unusual circumstances," we cannot ascertain whether Employer is contending that Claimant has not shown a hardship or rather that Claimant has not shown that commutation will alleviate her hardship.

Employer's argument also fails to identify all of the evidence favorable to the judgment (*Jordan* step two). Significantly, Employer fails to address the Commission's well-founded

6

concerns that Employer's "well-documented history of disregarding the [ALJ's] temporary award" would be indicative of future attempts by Employer "to ignore its obligations, jeopardizing the financial security of [Claimant's] family."

Additionally, Employer does not separate the evidence supporting the judgment from the evidence contrary to the judgment (*Jordan* steps two and three). Employer acknowledges that Claimant testified that she had to pay prescriptions and doctor's visits out of pocket, but intermingles that testimony with evidence that she was always eventually reimbursed by Employer, there is a direct payment mechanism in place now, and no bills were ever sent directly to Employer. Employer also acknowledges that the Commission viewed Employer's requests that Claimant be examined but not treated by Dr. Lennard and Dr. Hendler negatively but states that "such examinations and reports would be necessary to evaluate and make recommendations for the treatment of any patient who be [sic] new to a physician's practice."

Finally, Employer fails to explain why all the evidence favorable to the judgment is not probative (*Jordan* step four). Rather, Employer states in a conclusory manner that waiting for reimbursement was merely a temporary inconvenience and, even when combined with the request to be independently examined by Drs. Lennard and Hendler, does not constitute "'unusual circumstances' sufficient to warrant a departure from the statutorily preferred method of compensation 'in the same manner in which wages are ordinarily paid.'" Whether evidence is probative is determined by its ability to induce belief, not the quantity or amount of evidence. *Houston*, 317 S.W.3d at 186. Employer's analysis makes no attempt to address the evidence's ability to induce belief and ignores the Commission's credibility determination that paying costs upfront was a hardship for Claimant's family and that commutation would alleviate that hardship.

7

These failures strip Employer's argument of any persuasive or analytical value. ***Jordan***, 383 S.W.3d at 95. Employer's argument, therefore, provides us with no logical case context within which to evaluate Employer's challenge to the award. The absence of a cogent argument is sufficient reason alone to deny Employer's point and to affirm the award. ***Id.*** Nevertheless, we will briefly address the merits of Employer's contention that the award is against the overwhelming weight of the evidence.

"An employer's duty to provide statutorily-required medical aid to an employee is absolute and unqualified." ***Martin v. Town & Country Supermkts.***, 220 S.W.3d 836, 844 (Mo.App. 2007). Employer fell short of this obligation by violating Claimant's temporary award and causing her further harm. Additionally, Employer repeatedly made it difficult for Claimant to receive treatment by requiring her to pre-pay and then seek reimbursement for certain medical costs. Employer has a history of ceasing its efforts to avoid fulfilling its obligations only when Claimant sought an administrative or judicial resolution of those issues. Claimant should not be required to repeatedly seek such redress in order to hold Employer to its statutory obligation to provide her medical aid. Employer has failed to demonstrate that the Commission's decision to award commutation constitutes one of the "rare" cases when the award is "contrary to the overwhelming weight of the evidence." ***Hampton***, 121 S.W.3d at 223. Employer's point is denied.

## Decision

The Commission's award is affirmed.


GARY W. LYNCH, J., Opinion Author

DON E. BURRELL, P.J., concurs

NANCY STEFFEN RAHMEYER, J., concurs

8