DANIEL E. SCOTT, P.J.,
concurring.
What the Fund insists is “a question of law” is more accurately a complaint that Dr. Parmet was the more credible expert. When Claimant points this out, the Fund replies that:
Dr. Koprivica is not as educated in, nor as experienced in, the area of medicine dealing with hearing loss and tinnitus. Dr. Koprivica is just not as familiar with hearing loss and tinnitus....
If that’s not a credibility argument, I don’t know one, and it goes nowhere because we are bound by the Commission’s decision on which medical expert it believes. Pennewell v. Hannibal Reg’l Hosp., 390 S.W.3d 919, 924 (Mo.App.2013).
Although usually less blatant than quoted above, the tenor of the Fund’s argument throughout is that the Commission should have given more weight to the opinions of Dr. Parmet (who never saw Claimant or himself performed any tests, objective or otherwise) than those of Dr. Koprivica. Such “against the weight” challenges should address four steps as outlined in cases like Jordan v. USF Holland Motor Freight, Inc., 383 S.W.3d 93, 95 (Mo.App.2012). Failure to do so robs the Fund’s arguments of most, if not all, persuasive or analytical value. Id.
For these reasons, the Fund fails to convince me that it is entitled to appellate relief. I concur in the result.