

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| STERLING BENNETT, | ) | No. ED108713 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | Injury No.: 13-077933 & 14-021772 |
| TREASURER OF THE STATE | ) | |
| OF MISSOURI, AS CUSTODIAN OF THE | ) | |
| SECOND INJURY FUND, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 25, 2020 |

## OPINION

Sterling Bennett ("Claimant") appeals the "Final Award" ("Award") of the Labor and

Industrial Relations Commission ("Commission") denying Second Injury Fund ("Fund") liability

and affirming the award and decision of the Administrative Law Judge ("ALJ"). We affirm.

### Factual and Procedural Background

In 1999, Claimant injured his right shoulder when at work. Claimant and his then

employer resolved the injury by Stipulation for Compromise Settlement for the payment of

$67,094.34, or 25% PPD of the right shoulder and $50,000.00 for any and all future medical.

The Stipulation was approved by the ALJ on June 11, 2002.

In 2013, Claimant worked as a journeyman painter for Coatings Unlimited, Inc.

("Employer"). On June 5, 2014, Claimant filed two Workers' Compensation claims against

Employer, one relating to an injury that occurred on August 14, 2013 (right knee) (Injury No. 13-

077933) and the other relating to an injury that occurred on March 24, 2014 (left hand and ribs) (Injury No. 14-021772).

On November 15, 2016, the ALJ accepted and approved Stipulations for Compromise Settlement of both claims; however, Claimant's remaining claims against the Fund remained unresolved.

On June 4, 2019, following a hearing, the ALJ denied both claims against the Fund.

On June 17, 2019, Claimant filed an Application for Review of both claims with the Commission arguing that the ALJ's decision was against the weight of the evidence. The same day, the Fund also filed an Application for Review with the Commission arguing that the ALJ's decision was incomplete and therefore erroneous because it failed to address the Fund's request for a penalty due to a safety violation.

On January 10, 2020, the Commission affirmed the decision of the ALJ denying compensation to Claimant on both claims. This appeal follows.[1]

Standard of Review

Section 287.495.1, RSMo 2000[2] determines this Court's review of this case:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

---

[1] Additional facts relevant to Claimant's points on appeal will be set forth, as needed, in the discussion section below.
[2] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

2

Section 287.495.1. "We examine the evidence in the context of the whole record when determining whether the award is supported by competent and sufficient evidence. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." Greer v. SYSCO Food Servs., 475 S.W.3d 655, 664 (Mo. banc 2015) (quoting Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 223 (Mo. banc 2003)). "A Section 287.495.1(4) challenge succeeds only in the *absence* of sufficient competent evidence; evidence *contrary* to the award." Nichols v. Belleview R-III School Dist., 528 S.W.3d 918, 922. "Sufficient competent evidence is a minimum threshold" and can be met by the testimony of one witness, even if contradicted by the testimony of other witnesses. Nichols, 528 S.W.3d at 922.

We defer to the Commission on issues of fact, the credibility of the witnesses, and the weight given to conflicting evidence. Hornbeck v. Spectra Painting, Inc., 370 S.W.3d 624, 629 (Mo. banc 2012). We review issues of law *de novo*. Difatta-Wheaton v. Dolphin Capital Corp., 271 S.W.3d 594, 595 (Mo. banc 2008).

Under Section 287.220, the purpose of the Fund is "to encourage the employment of individuals who are already disabled from a preexisting injury, regardless of the type or cause of the injury." Pierson v. Treasurer of State, 126 S.W.3d 386, 389-90 (Mo. banc 2004). It encourages such employment by ensuring that an employer is only liable for the disability caused by the work injury. Any disability attributable to the combination of the work injury with preexisting disabilities is compensated, if at all, by the Fund. Section 287.220.1.

<u>Injury No. 14-021772</u>

In Point I, Claimant argues the Commission erred in denying him Permanent Total Disability ("PTD") benefits from the Fund because his injuries from his March 24, 2014,

3

incident combined with his preexisting injuries as well as his limited abilities made Claimant unable to compete in the open labor market. Claimant argues the Award is against the weight of the evidence and/or not supported by sufficient competent evidence. We disagree.

"[C]hallenging the Commission's award as not supported by sufficient competent evidence is synonymous with challenging the Commission's award as against the overwhelming weight of the evidence." Harris v. Ralls County, 588 S.W.3d 579, 595 (Mo. App. E.D. 2019). Here, because Claimant brings a weight of the evidence challenge against the Commission, he triggers a specific analytical process where he is required to

> 1. Identify a factual proposition needed to sustain the result;
> 2. Marshal all record evidence supporting that proposition;
> 3. Marshal contrary evidence of record, subject to the factfinder's credibility determinations, explicit or implicit; and
> 4. Prove, in light of the whole record, that the step 2 evidence and its reasonable inferences are so non-probative that no reasonable mind could believe the proposition.

Id. at 596 (citing Jordan v. USF Holland Motor Freight, Inc., 383 S.W.3d 93, 95 (Mo. App. S.D. 2012)). "[A]dherence to this analytical formula is mandatory . . . because it reflects the underlying criteria necessary for a successful challenge – the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge." Nichols, 528 S.W.3d at 928; Harris, 588 S.W.3d at 601.

Here, the Commission determined that Claimant did not prove he is permanently and totally disabled from the last injury and qualifying pre-existing conditions. The Commission's decision to deny compensation is not contrary to the overwhelming weight of the evidence.

Section 287.220 controls claims against the Fund for permanent disability benefits. Recently, the Missouri Supreme Court held that Section 287.220.3, amended in 2013, "applies to all PTD or [Permanent Partial Disability ("PPD")] claims against the fund in which any injury

4

arising out of or in the course of employment, including the subsequent compensable injury, occurred after January 1, 2014." Cosby v. Treasurer of State, 579 S.W.3d 202, 207 (Mo. banc 2019).[3] The provisions of workers' compensation statutes must be strictly construed. Section 287.800.1.

The instant case deals with a claim against the Fund involving an injury that occurred on March 24, 2014, therefore the amended statute applies. "Section 287.220.3 applies to *all* PTD or PPD claims against the [F]und in which *any* injury arising out of or in the course of employment, including the subsequent compensable injury, occurred after January 1, 2014." Cosby, 579 S.W.3d at 207-08. Under Section 287.220.3, a PTD claim against the Fund, such as the one in the instant case, shall be compensable when a subsequent compensable work-related injury combines with a qualifying pre-existing disability and results in PTD. Section 287.220.3(2)b.

Section 287.020.6 defines "total disability" as the "inability to return to *any* employment and not merely [the] inability to return to the employment in which the employee was engaged at the time of the accident." Section 287.020.6 (emphasis added). "An employee is permanently and totally disabled if no employer in the usual course of business would reasonably be expected to employ the employee in his or her present physical condition." Pennewell v. Hannibal Regional Hosp., 390 S.W.3d 919, 924-25 (Mo. App. E.D. 2013). Before the Fund will be liable for PTD, the claimant must establish first the extent or percentage of the PTD resulting from the last injury alone and then the combination of the last injury and a prior PPD resulted in permanent and total disability. Lawrence v. Treasurer of State—Custodian of 2nd Injury Fund, 470 S.W.3d 6, 14 (Mo. App. W.D. 2015). For purposes of calculating PTD benefits, "[a]

---

[3] This Court has considered Treasurer of the State of Missouri as Custodian of the Second Injury Fund v. Jonathan Parker (WD83030) and notes that there is a motion for transfer or rehearing pending on this case.

claimant's preexisting disabilities are irrelevant until [the] employer's liability for the last injury is determined." Gleason v. Treasurer of State of Missouri—Custodian of Second Injury Fund, 455 S.W.3d 494, 498 (Mo. App. W.D. 2015).

Here, the Commission applied Section 287.220.3 and found that Claimant did not prove he was totally disabled from his March 2014 work injury and his qualifying pre-existing conditions. Specifically, the Commission found that Claimant's March 2014 "injury resulted in a [PPD] of 25% of the left hand and 5% of the body as a whole referable to the ribs, and that the primary injury alone did not cause [Claimant] to be permanently and totally disabled." In adopting the ALJ's decision, the Commission also made the implicit finding that Claimant's only pre-existing disability which qualified under Section 287.220.3(2) as a compensable injury was his 1999 right shoulder injury. This work injury settled for 25% PPD of the right shoulder and only this disability can be considered when assessing total disability against the Fund. In other words, for the Commission to have found the Fund liable in this case, Claimant's primary March 2014 work injury (subsequent compensable work injury) combined with his 1999 right shoulder injury (qualifying pre-existing disability) must have resulted in permanent and total disability. Lawrence, 470 S.W.3d at 14. The Commission made no such determination. Instead, the Commission found and the record supports the finding that Claimant presented no evidence that his 1999 right shoulder injury combined with his March 2014 work injury resulted in total disability. The Commission deferred to the ALJ's findings on the weight to be given to the expert opinions of Dr. Shawn Berkin ("Dr. Berkin"), Claimant's medical expert, and Delores Gonzalez ("Ms. Gonzalez"), a vocational rehabilitation counselor. The Commission found these expert opinions failed to establish that Claimant was permanently and totally disabled resulting

6

from the March 2014 work injury and the qualifying prior disabilities, as required by Section 287.220.3(2).

The opinions of Dr. Berkin and Ms. Gonzalez wrongly included pre-existing conditions that did not qualify under Section 287.220.3(2). Additionally, both experts wrongly included disabilities and restrictions that occurred *after* March 2014. Dr. Berkin did not medically causally relate any subsequent conditions, or subsequent worsening of those conditions to the March 2014 work injury; also, Ms. Gonzalez concluded Claimant is unemployable in the open labor market based on all of the restrictions and limitations issued by Dr. Berkin, which, as noted above, included restrictions for prior disabilities which failed to meet the qualifications of Section 287.220.3(2), as well as conditions which developed or worsened after March 24, 2014. Significantly, Claimant presented no total disability opinions considering his March 2014 work injury combined with his 1999 right shoulder injury.

As neither Dr. Berkin nor Ms. Gonzalez met the requirements of Section 287.220.3 when providing their opinions concerning Claimant's total disability or employability, their opinions were properly rejected by the Commission. The Commission correctly noted once it was determined Claimant is not totally disabled from the combination of the work injury and qualifying pre-existing disabilities, it is irrelevant to consider whether Claimant became totally disabled due to subsequent conditions.

Finally, contrary to Claimant's contention, the 2017 award of Social Security disability benefits from the Social Security Administration does not undermine the Commission's determination that he was not entitled to compensation from the Fund. When Claimant first applied for Social Security disability benefits, he claimed his primary injury and all pre-existing conditions/disabilities contributed to his total disability. In 2015, he was denied Social Security

7

disability benefits because it was determined that his condition was "not severe enough to keep him from working." After Claimant appealed the denial of Social Security disability benefits, he cited changes in his physical and mental condition. Only *after* the inclusion of these subsequent conditions was he granted the benefits he sought.

In her Workers' Compensation deposition, Ms. Gonzalez testified that Claimant was released to return to work without restrictions by his treating doctors for the 2013 and 2014 injuries; also, she agreed with the proposition that Claimant had no permanent restrictions before his March 2014 work injury. Ms. Gonzalez considered all of Dr. Berkin's restrictions in rendering her opinion. Ms. Gonzalez also testified at the Social Security hearing on August 4, 2017, and on the basis of her testimony (*inter alia*), Claimant was ruled disabled as of February 1, 2015.

Here, the Commission correctly found in Injury No. 14-021772 that Claimant is not permanently and totally disabled and is not entitled to benefits from the Fund. Claimant failed to prove he is totally disabled from his March 2014 work injury and qualifying prior disabilities. Point I is denied.

<u>Injury No. 13-077933</u>

In Point II, Claimant argues the Commission erred in denying him PPD benefits from the Fund because Claimant's August 14, 2013 injury combined with his preexisting injuries resulted in a disability greater than the sum of their individual parts. Claimant argues the Award is against the weight of the evidence and/or not supported by sufficient competent evidence. We disagree.

The amount for which the Fund is liable under the Workers' Compensation scheme, namely, the degree of the combined disability that exceeds the numerical sum of the preexisting

8

disabilities and the disability from the last injury, is referred to as the "synergistic effect" of the combined disabilities. Treasurer of the State of Missouri—Custodian of the Second Injury Fund v. Witte, 414 S.W.3d 455, 467 (Mo. banc 2013); Section 287.220.1. In other words, to receive PPD from the Fund, a claimant must establish the present compensable injury, coupled with preexisting PPD, causes greater overall disability than the sum of the disabilities viewed independently. Elrod v. Treasurer, 138 S.W.3d 714, 717 (Mo. banc 2004).

Here, Claimant failed to prove that a combination between his August 2013 work injury and preexisting disabilities resulted in a disability greater than the sum of their individual parts. As alluded to under Point I, while Dr. Berkin addressed the combination of the March 2014 work injury and pre-existing conditions, he never addressed how the primary work injury, which occurred in August 2013, specifically combined with his prior disabilities. Similarly, Claimant only testified how his March 2014 work injury combined with all prior conditions, but did not testify how the primary August 2013 injury combined with his prior disabilities. As such, Claimant failed to prove that the simple sum between his August 2013 work related injury and his disabilities predating that injury caused greater overall disability than the sum of the disabilities viewed independently. Witte, 414 S.W.3d at 467; Elrod, 138 S.W.3d at 717.

The Commission properly denied Claimant PPD in Injury No. 13-077933 because he failed to prove a synergistic effect between his August 2013 work injury and his pre-existing disabilities. Point II is denied.

9

Conclusion

The Commission's Award is affirmed.

_____
Mary K. Hoff, Judge

Colleen Dolan, Presiding Judge and Robert M. Clayton III, Judge: Concur