James OSWALD, and Southern
Equipment Company,
Respondents,

v.

NATIONAL FABCO
MANUFACTURING, INC., Appellant.

No. SC 84220.

Supreme Court of Missouri,
En Banc.

June 25, 2002.

Stephen A. McManus, Clinton S. Simon, McAnany, Van Cleave & Phillips, P.C., St. Louis, for appellant.

Dean L. Christianson, Schuchat, Cook, & Werner, St. Louis, for respondent James Oswald.

John P. Kafoury, Holtkamp, Liese, Childress & Schultz, P.C., St. Louis, for respondent Southern Equipment Co.

PER CURIAM.

The Labor and Industrial Relations Commission awarded workers' compensation benefits to James Oswald, solely against National Fabco Manufacturing, Inc. The Administrative Law Judge would have apportioned benefits between two employers, based on the date of diagnosis of Oswald's diseases. Affirmed.

Oswald worked for Southern Equipment Company from 1952 until 1995, as a sheet-metal worker and layout assembler: 1) preparing drawings with pens, pencils and rulers for sheet-metal work, 2) transferring drawings onto metal using a scribe and a T-square, and 3) occasionally lifting sheet-metal.

During the late 1980s or early 1990s, Oswald developed hand pain and numbness. On November 30, 1990, he was diagnosed with bilateral carpal tunnel syndrome, worse on the right side, and a right rotator cuff tear.

In March 1995, Southern closed and Oswald took a job at Quipco Products, Inc., doing the same type of work. On August 7, 1995, he left Quipco for Fabco, again doing the same type of work.

Between 1990 and 1996, Oswald's condition worsened. In 1995 he began experiencing pain in his left shoulder when lifting or doing overhead activities. On December 30, 1996, the same doctor diagnosed Oswald with bilateral carpal tunnel syndrome and bilateral shoulder rotator cuff tendonitis.

On March 3, 1997, Oswald was terminated from Fabco. On March 12, Oswald filed a claim for compensation against Southern, Quipco and Fabco for injuries to "both hands, wrists, arms, and body as a

whole" due to "repetitive tasks" during employment through March 3, 1997.

Before the ALJ, the doctor testified by deposition on behalf of Oswald. He did not give an opinion as to a specific incident (or series of incidents) that caused the carpal tunnel syndrome. However, the doctor did opine that a history of "repetitive heavy work all of his life" resulted in the injuries.

A second doctor also testified by deposition on behalf of Oswald that in September 1998, he diagnosed Oswald with carpal tunnel syndrome, Guyon's canal stenosis, and a left shoulder rotator cuff tear. The second doctor testified that Oswald's work as a sheet-metal worker was a substantial contributing factor in the cause of his injuries.

The ALJ found that Oswald sustained 30 percent permanent partial disability of each wrist and 35 percent permanent partial disability of the left shoulder. The ALJ attributed 10 percent of the total 30 percent permanent and partial disability of the right wrist to Southern. All the other disabilities were attributed to Fabco. The ALJ found that Oswald's claim against Southern as to his right shoulder was time-barred.

Partly reversing, the Commission attributed all of Oswald's disability to Fabco, including the 10 percent disability of the right wrist. Fabco contends the Commission erred in finding it responsible for all benefits related to Oswald's bilateral carpal tunnel syndrome because he was in Southern's employ when first diagnosed with carpal tunnel syndrome in 1990.

In this case, Oswald filed a claim after working for Fabco for more than three months. Fabco, the last employer before the claim was filed, is liable for Oswald's claim pursuant to section 287.063. See *Endicott v. Display Technologies*, 77 S.W.3d 612, 615 (Mo. banc 2002). The exception in section 287.067.7 does not apply, because Oswald's exposure with Fabco exceeded three months in duration. *Id.* at 616.

The decision of the Commission is affirmed.

LIMBAUGH, C.J., WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., and LOWENSTEIN, Sp.J., concur.

WHITE and RICHARD B. TEITELMAN, JJ., not participating.