Dennis EDER, Claimant–Appellant,

v.

LAWSON'S HARDWOOD FLOORS, INC., Employer–Respondent,

Division of Employment Security, Respondent.

No. SD 31730.

Missouri Court of Appeals, Southern District, Division One.

Aug. 10, 2012.

Zachary W. Rennick and Craig E. Hellmann, Washington, MO, for Appellant.

Larry Raymond Ruhmann, Jefferson City, MO, for Respondent Des.

GARY W. LYNCH, Judge.

Dennis Eder ("Claimant") appeals the Labor and Industrial Relations Commission's ("Commission") denial of his claim for unemployment benefits, challenging the Commission's factual finding that he was not available for work during the relevant time period as required by section 288.040.1(2).[1] Because Claimant's brief fails to preserve any issue for appellate review, we affirm the Commission's decision.

 The determination of availability for work is largely a fact question for the Commission, *RPCS, Inc. v. Waters*, 190 S.W.3d 580, 588 (Mo.App.2006), upon which Claimant had the burden of proof, *Fendler v. Hudson Servs.*, 370 S.W.3d 585 (Mo. 2012) (in general, a claimant bears the burden of demonstrating that he or she is entitled to unemployment benefits). We will not replace the Commission's factual determinations with our own because we defer to the Commission regarding weight of the evidence and credibility of witnesses. *RPCS, Inc.*, 190 S.W.3d at 583. Absent fraud, the Commission's factual findings are conclusive on appeal if they are supported by competent and substantial evidence upon the whole record and are not clearly against the overwhelming weight of the evidence. *Id.*

 In challenging the Commission's determination that he was not available for work, it was incumbent upon Claimant to demonstrate that the challenged factual determination was either the result of fraud or was not supported by competent and substantial evidence upon the whole record and is clearly against the overwhelming weight of the evidence. *See id.* Such a demonstration requires substantial reliance upon the evidence in the record, both favorable and unfavorable. Claimant's brief, however, is completely void of any reference or citation to the evidence in the record before the Commission.

First, Claimant's statement of facts fails to comply with Rule 84.04(c), which requires that the statement of facts "shall be a fair and concise statement of the facts *relevant to the questions presented for determination* without argument."[2] Rule 84.04 (emphasis added). Claimant's statement of facts *in toto* reads:

> Claimant filed for unemployment benefits from September 5, 2010 through April 9, 2011. Claimant regained full time employment on or about April 15, 2011. The initial determination in Claimant's favor was March 21, 2011; Employer appealed on or about may 27, 2011; an initial appeal hearing was held on or about April 27, 2011; a hearing based on reconsideration was held on or about July 27, 2011 and August 15, 2011.

This statement omits any reference to facts in the record on appeal related or relevant to the determination of whether Claimant was available for work.

Second, Claimant's statement of facts omits any citation to the legal file and transcript as required by Rule 84.04(i), which provides that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript."

 Finally, while Claimant's argument in his brief alleges purported facts favor-

---

1. RSMo Cum.Supp.2008.

2. All rule references are to Missouri Court Rules (2012).

ing his position, Claimant fails to support those alleged facts with any citation to specific page references to the legal file or the transcript as required by Rule 84.04(i). " '[T]his requirement is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party[.]' " *Miller v. Help At Home, Inc.,* 186 S.W.3d 801, 807 (Mo.App.2006) (quoting *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App.2004)). *See also Shields v. L & P Transp., LLC,* 317 S.W.3d 654, 656 (Mo.App.2010) (this Court will not "seine the record to find relevant facts," as that would require this Court to become appellant's advocate). In other words, in the absence of Claimant's identification of the relevant evidence in the record, there is nothing before us to consider or review as to whether the Commission erred in making the challenged factual determination.

It is always our preference to resolve appeals on their merits. *Bishop v. Metro Restoration Servs., Inc.,* 209 S.W.3d 43, 48 (Mo.App.2006). However, where, as here, a substantial briefing deficiency prevents us from conducting any meaningful review because we would be forced to speculate about the facts and their relevance and import as to the question raised on appeal, Claimant's brief not only impedes, but prevents, our disposition of the appeal on its merits and presents nothing for appellate review. *Id.* Accordingly, the Commission's decision and order is affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.