

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MICHAEL BRUNE, | ) | No. ED101924 |
| | ) | |
| Claimant/Respondent, | ) | |
| | ) | Appeal from the |
| vs. | ) | Labor and Industrial Relations Commission |
| | ) | |
| JOHNSON CONTROLS, | ) | |
| A/K/A HOOVER UNIVERSAL, INC., | ) | Filed: March 10, 2015 |
| | ) | |
| Employer/Appellant. | ) | |

### Introduction

In this workers' compensation claim, Johnson Controls, Inc. (Employer) appeals the temporary and partial award of the Labor and Industrial Relations Commission (Commission) granting Michael Brune (Claimant) medical treatment and other benefits necessary to cure the effects of his bilateral carpal tunnel syndrome (CTS). Employer asserts that the Commission erred by (1) applying the "last exposure rule" in § 287.063 RSMo 2000[1] because Claimant's work for Employer did not expose him to the hazards of an occupational disease and (2) applying

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

the law regarding notice of an occupational disease to an employer under § 287.420 RSMo Supp. 2005.  We affirm.[2]

## Factual Background

Claimant worked as an assembly technician for Employer beginning in August 2000 through May 2007.  His duties for Employer required him to use both hands in the assembly of various parts of Chrysler pickup trucks and vans.  Before his employment with Employer, Claimant worked for D&H Trucking, during which time he developed problems with his hands and wrists.  Claimant filed a worker's compensation claim against D&H Trucking in September 2000, but voluntarily dismissed the claim in August 2003.

In the spring of 2005, Claimant reported pain and numbness in his hands to Employer.  Employer authorized Claimant to seek care from Dr. Cynthia Byler, who diagnosed Claimant with severe right, and more moderate left, sensory motor median neuropathy across the carpal tunnels and recommended that a hand specialist examine claimant.  Employer authorized Claimant to see Dr. Mitchell Rotman, who found that Claimant's work activities did not cause his bilateral CTS and recommended bilateral CTS releases.  Employer denied further treatment and Claimant's condition continued to worsen.

In July 2005, Claimant filed the instant workers' compensation claim against Employer, asserting that in June 2004 he sustained bilateral CTS due to the "repetitive nature" of his work and the continued use of his hands, wrists, and elbows over an extended period of time in the scope of his employment.  Employer filed an answer to the claim for compensation, alleging that Claimant had failed to give Employer proper notice of his claim.

---

[2] We deny Claimant's motion to dismiss for lack of jurisdiction.  There is no merit to Claimant's assertion that the principles of strict construction adopted in the post-2005 Workers' Compensation Law, *see* § 287.800 RSMo Supp. 2005, apply retroactively to § 287.495, such that this Court lacks jurisdiction over temporary and partial awards for injuries occurring before the 2005 amendment.  *See Eason v. Treasurer of State*, 371 S.W.3d 886, 889-90 (Mo. App. W.D. 2012).

After a hearing, an administrative law judge (ALJ) entered a temporary and partial award in Claimant's favor, awarding Claimant "all medical treatment and other benefits necessary to cure and relieve the effects of his disease." The ALJ found that Claimant's work for Employer exposed him to an occupation in which the hazards of an occupational disease exist, i.e., bilateral CTS. Specifically, the ALJ found credible Claimant's testimony regarding the tasks he performed while on the job (including clipping, snapping, flipping, pushing, gluing, and loading vehicle parts) and the opinion of Claimant's medical expert, Dr. Bruce Schlafly, that these duties were a "substantial factor" in the cause of Claimant's bilateral CTS. The ALJ rejected Dr. Rotman's medical opinion that CTS is idiopathic, noting that his opinion is "too extreme to be worthy of belief and contrary to the past decisions from the Missouri Court of Appeals which have said that [CTS] is a known occupational disease." The ALJ further found that because Employer was the last employer to expose Claimant to the hazards of this occupational disease before the filing of the claim in 2005, that Employer is liable for the injury under the last exposure rule, § 287.063.

Employer filed an application for review before the Commission, asserting, in part, that (1) the ALJ's determination of medical causation that Claimant's occupational disease arose out of the course of employment is not supported by law or substantial evidence; (2) that the ALJ incorrectly applied the last exposure rule; and (3) that the ALJ's determination that Claimant gave timely notice of his claim is not supported by law or substantial evidence. The Commission unanimously affirmed the temporary or partial award, incorporating the ALJ's award and decision by reference. The Commission found that the award was "supported by competent and substantial evidence" and in accordance with Missouri's Workers' Compensation Law. Employer appeals.

3

**Standard of Review**

We defer to the Commission on issues of fact. *Endicott v. Display Techs. Inc.*, 77 S.W.3d 612, 615 (Mo. banc 2002). "However, questions of law are reviewed de novo." *Id.*

**Point I: The Last Exposure Rule**

In its first point relied on, Employer asserts that the "Commission erred in applying the 'last exposure rule' to this workers' compensation claim for bilateral CTS since [Claimant's] work for [E]mployer did not expose him to the hazards of an occupational disease." According to the argument portion of Employer's brief, the Commission's decision is not supported by law and requires de novo review. Employer explains that the Commission's findings of medical causation and that Claimant's duties for Employer exposed him to an occupational disease, is a misapplication of the last exposure rule. Employer further asserts in the argument portion of its brief that the three-month exception to the last exposure rule is inapplicable because Claimant filed a claim against D&H Trucking 36 days after Claimant began working for Employer.[3]

*A. Rule 84.04*

At the outset, we note that Employer's point relied on, as fully stated above, and related briefing does not comply with Rule 84.04. The point does not substantially follow the proper form, as articulated in Rule 84.04(d)(2).[4] Further, the point fails to identify the statute authorizing review or explain why, in the factual context of this case, the legal reasons for the

---

[3] Claimant's injury pre-dates the 2005 amendments to the Workers' Compensation Law and, therefore, we apply the law applicable at the time of the injury in 2004. *See Brandenburg v. Treasurer of State, Custodian of Second Injury Fund*, 427 S.W.3d 326, 332 n. 1 (Mo. App. S.D. 2014).

[4] Under Rule 84.04(d)(2), pertaining to the form of points in appeals from an administrative agency, a point shall be in "substantially the following form:"

> The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].

4

claim support the claim of reversible error. *Id*. The allegation that Claimant's work for employer did not expose Claimant to an occupational disease is a conclusory assertion, insufficient to meet the requirements of Rule 84.04(d). The point is also not followed by a list of cases or other authority on which Employer "principally" relies. *See* Rule 84.04(d)(5). Typically, such a deficient point is grounds for dismissal, as it preserves nothing for appellate review. *Bailey v. Phelps County Reg'l Med. Ctr.*, 328 S.W.3d 770, 772-73 (Mo. App. S.D. 2010).

Nonetheless, and despite these numerous deficiencies in Employer's briefing, we are able to discern from the argument portion of Employer's brief the basic contention of the claim raised in the point. Mainly, that the last exposure rule is inapplicable because (1) the Commission erred in finding medical causation and that Employer exposed Claimant to the hazards of an occupational disease; and (2) the three-month exception to the last exposure rule applies to shift liability to D&H Trucking.[5] Therefore, we exercise our discretion *ex gratia* to review Employer's claim.

### B. Factual Determinations

Employer first claims that the Commission's findings of medical causation and that Employer exposed Claimant to the hazards of an occupational disease are erroneous because neither Claimant nor Claimant's medical expert were credible witnesses. While Claimant attempts to frame this argument as a question of law, requiring de novo review, it is clear from Employer's assertions that Employer is attacking the Commission's factual determinations as unsupported by sufficient competent and substantial evidence. Claimant responds that the

---

[5] Notably, the point relied on makes no reference to the three-month exception and we would be within our discretion to deem this argument abandoned. *See* Rule 84.04(e).

5

Commission did not err in its determination that Claimant's bilateral CTS was medically caused by his work activities.

It is well-established that this Court defers to the Commission's factual findings and credibility determinations and that reversal on the basis that the evidence weighs overwhelmingly against the award is warranted only in rare cases. *See* § 287.495; *Dwyer v. Fed. Express Corp.*, 353 S.W.3d 392, 394-95 (Mo. App. S.D. 2011). When a party raises a claim that the Commission's findings are not sufficiently supported by competent evidence, "[a] court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003). Thus, to successfully challenge the Commission's factual findings, Employer needed to (1) marshal all record evidence favorable to the award; (2) marshal all unfavorable evidence, subject to the Commission's explicit or implicit credibility determinations; and (3) show in the context of the whole record how the unfavorable evidence so overwhelms the favorable evidence and its reasonable inferences that the award is, in context, not supported by competent and substantial evidence. *See Jordan v. USF Holland Motor Freight, Inc.*, 383 S.W.3d 93, 95 (Mo. App. S.D. 2012).

Here, Employer's assertions focus on step two, emphasizing the evidence favorable to it, and ignores steps one and three. Because Employer has not made the requisite showing, its argument, in this regard, lacks any "persuasive or analytical value." *See id.* Accordingly, we cannot conclude as Employer urges, that the Commission erred by applying the last exposure rule for lack of competent and substantial evidence to support its findings of medical causation and that Employer exposed Claimant to the hazards of an occupational disease.

## C. Three-Month Exception to the Last Exposure Rule

Employer also argues that even if the last exposure rule applies, that the Commission misapplied the law by finding that Claimant's prior workers' compensation claim against D&H Trucking does not fall within the exception. Claimant responds that the Commission did not err in its conclusion that the three-month exception to the last exposure rule is inapplicable.

During the administrative proceedings, Employer argued that D&H Trucking should be liable for benefits under the three-month exception to the last exposure rule because, at the time the 2000 claim was filed against D&H Trucking, the three-month exception *would* have applied. The Commission found that this argument "*might* have validity" if the claim against D&H Trucking was the subject of the instant hearing, but because that claim was not before the Commission it "has no effect on subsequent matters." (Emphasis added).

The last exposure rule dictates that "the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim." *Maxon v. Leggett & Platt*, 9 S.W.3d 725, 730 (Mo. App. S.D. 2000), *overruled on other grounds by Hampton*, 121 S.W.3d at 225. The rule is codified in § 287.063.1 and .2, which provide:

> 1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion, as is set forth in subsection 7 of section 287.067, RSMo.
>
> 2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure.[6]

Section 287.067.7 provides an exception to the rule, known as the three-month exception. That statute provides:

---

[6] In 2005, the legislature modified § 287.063.2 deleting the words "for which claim is made," and inserting "prior to evidence of disability" in their place.

7

With regard to occupational disease due to repetitive motion, if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease.

As the Supreme Court has explained, "this provision shifts liability to a prior employer *only* if the employee's exposure at a later employer is less than three months *and* exposure with a prior employer was the substantial contributing factor to the injury." *Endicott*, 77 S.W.3d at 615 (emphasis in original). As such, if the exposure is at an employer for more than three months, that employer may not invoke the three-month exception to the last exposure rule. *Id.* Taking all these statutes together, it is clear that "the time frame of employment, injury and filing of the claim" are critical to a court's consideration of the last exposure rule's application. *See Maxon*, 9 S.W.3d at 730.

Here, Claimant filed his claim against Employer after working for Employer for more than five years. As the last employer before the claim was filed, Employer is liable for Claimant's claim under § 287.063.2. Because the claim was filed more than three months after Claimant's employment began with Employer and Claimant's exposure to the occupational hazard far exceeded three months, the three month exception, § 287.067.7, does not apply to preclude application of the last exposure rule. *See Oswald v. Nat'l Fabco Mfg.*, 77 S.W.3d 611, 612 (Mo. banc 2002) (holding that three-month exception did not apply because the claimant's exposure at the employer exceeded three month duration). The Commission did not err in applying the last exposure rule.

Employer, however, asserts that the Commission incorrectly held that it could not consider Employee's previous claim filed against D&H Trucking in 2000, 36 days after Employee began working for Employer, in applying the three-month exception to the last

exposure rule. Yet, Employer cites no authority for the proposition that a years-old claim against a prior employer has any relevance to the application of the last exposure rule and its three-month exception in a subsequent claim for workers' compensation. Rather, when §§ 287.063 and 287.067.7 are read together, it is clear that liability attaches to the last employer whose employment last exposed the employee to the occupational disease "for which claim is made" unless the period of exposure is for less than three months and the claimant's exposure at the prior employer was a substantial contributing factor to the injury. In other words, and as the Commission implicitly recognized, the relevant employer and claim to consider in applying the three-month exception is the instant claim against the present employer, not a prior claim that is several years old.[7] Here, there is no dispute that Claimant had no other employer that exposed him to the hazards of an occupational disease within a three-month period of when he filed his claim against Employer in 2005.

In sum, Employer has not established that the Commission's decision is unsupported by competent and substantial evidence or that the Commission misapplied the law in applying the last exposure rule. Point I denied.

## Point II: Notice

In its second point relied on, Employer asserts that the Commission "erroneously applied the law regarding notice of an occupational disease to an employer under . . . § 287.420 [RSMo Supp.] 2005."[8] Employer explains in the argument portion of its brief that the Commission should have applied the post-2005 amendment notice provision because it is a remedial statute,

---

[7] Employer takes issue with the Commission's discussion of the principle articulated in *Hart v. Impey*, 382 S.W.3d 918, 921 (Mo. App. S.D. 2012), that a voluntarily dismissed action is as if the claim has never been filed, asserting that this holding should not apply in this case. This principle, however, is irrelevant to the application of the three-month exception and did not form the primary basis for the Commission's rejection of Employer's claim that the three-month exception should apply to shift liability to D&H Trucking.

[8] Employer's second point relied on suffers from the same Rule 84.04(d) deficiencies as Point I. We exercise our discretion to review this point *ex gratia*.

like the tolling provision in *Loard v. Tri-State Motor Transit*, 813 S.W.2d 71 (Mo. App. S.D. 1991). In response, Claimant argues that the Commission did not err in its factual determination that Claimant gave proper notice of his injury to Employer and, therefore, the issue of whether the post-2005 notice provision applies retroactively is moot.

We generally agree with Claimant that the issue whether the post-2005 notice provision applies retrospectively is moot because the Commission found that Claimant provided "timely" notice to Employer of the occupational disease. In other words, because the Commission effectively found that Claimant complied with post-2005 law, such that Claimant's claim would not be barred for failure of notice under the post-2005 law, it is unnecessary to consider whether § 287.420 RSMo Supp. 2005 applies retroactively.

However, even assuming *arguendo* that the Commission did not find that Claimant provided proper notice pursuant to post-2005 law, we cannot conclude that § 287.420 RSMo Supp. 2005 applies retroactively as to preclude Claimant's claim. Before the 2005 amendment, § 287.420 did not require a claimant to provide an employer with any notice of an occupational or repetitive injury. *See Endicott*, 77 S.W.3d at 616. The legislature amended this section in 2005 to specifically require notice of any occupational disease or repetitive trauma to be given to an employer within 30 days after the diagnosis of the condition unless the claimant can prove the employer was not prejudiced by failure to receive this notice. § 287.420 RSMo Supp. 2005. Because the amendment imposes a new obligation or duty on claimants to provide their employers with timely notice of their occupational diseases or repetitive motion traumas, the statute is substantive. *See Nance v. Maxon Elec., Inc.*, 395 S.W.3d 527, 538 (Mo. App. W.D. 2012) ("Substantive statutes take away or impair vested rights acquired under existing law, or create a new obligation or impose a new duty.") (citation and quotations omitted). Therefore, in

the absence of any express legislative intent to the contrary, we conclude that § 287.420 is a substantive provision that applies prospectively only. *See Eason v. Treasurer of State*, 371 S.W.3d 886, 888 (Mo. App. W.D. 2012) (statutes that affect substantive rights are presumed to operate prospectively).[9] Point II denied.

## Conclusion

We affirm the temporary and partial award of the Commission.

 

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

---

[9] *Loard*, 813 S.W.3d at 71-2, on which Employer relies, is factually distinguishable. That case involved an amendment to a tolling provision. *Id.* In concluding that the statute was procedural, and therefore retroactive, the Court reasoned that the amendment affected the remedy available and not the basis for the claim. *Id.* at 74-5. Here, a notice provision is involved that affects the substantive rights of claimants seeking redress for occupational diseases and repetitive motion traumas.