# Missouri Court of Appeals
## Southern District
### Division Two



EUGENE K. JONES-EL,          )
          )
       Plaintiff-Appellant,     )
          )
   vs.          )    No. SD34447
          )    Filed: October 5, 2016
GEORGE LOMBARDI, et al.,    )
          )
       Defendants-Respondents.  )

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

#### Honorable David A. Dolan, Presiding Judge

## APPEAL DISMISSED

Eugene K. Jones-El ("Jones") appeals from a second amended judgment of the trial court, granting a motion to dismiss[1] Jones' civil petition against twenty-four prison workers and six court officials. The gist of Jones' petition was that prison officials failed to provide him with a typewriter and companion materials to prepare an appeal in ***Jones v. State***, No. ED98705. In ***Jones***, the Eastern District rejected his appeal because it did not comply with Rule 84.06(e) due to being

---

[1] Jones failed to file with this Court, as part of the record on appeal, the motion to dismiss that is the subject of this appeal, in violation of Rule 81.12(d).

All rule references are to Missouri Court Rules (2016).

handwritten. The trial court dismissed Jones' petition on the basis that Jones had already brought the same claim in federal court, and the parties had settled that claim pursuant to a written settlement agreement.

We observe that, in numerous respects, Jones' appeal to this Court fails to follow the mandatory dictates of Rule 84.04. Jones' statement of facts wholly fails to follow Rule 84.04(c), and his argument section similarly fails to provide citations to the record in violation of Rule 84.04(e). Absent proper citations to the record, we may not, of our own initiative, seine the record in search of materials to support Jones' cause. *Shields v. L&P Transp., LLC*, 317 S.W.3d 654, 656 (Mo.App. S.D. 2010). Engaging in a search for factual matter in the record to support an appellant's claims would put this court in the unacceptable position of becoming an advocate for appellant. *Eder v. Lawson's Hardware Floors, Inc.*, 403 S.W.3d 623, 625 (Mo.App. S.D. 2012). For that reason, Jones' failure to tie his alleged claims of legal error to specific factual matter from the record with specific citations, renders his point unreviewable. *In re Marriage of Smith*, 283 S.W.3d 271, 275 (Mo.App. E.D. 2009).

Appeal dismissed. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS