

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| CUSTOMER ENGINEERING SERVICES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35638 |
| | ) | |
| MARK ODOM, | ) | FILED: March 11, 2019 |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM LABOR AND INDUSTRIAL RELATIONS COMMISSION

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Customer Engineering Services (CES) appeals a workers' compensation award to Mark Odom of past and future medical expenses and permanent total disability (PTD) benefits. For reasons stated herein, we grant in part CES's challenge to past medical expenses, but otherwise affirm the award.

### Background

Odom, who installed and serviced photo-lab equipment for CES, injured his elbow, back, and knee in June 2012 while moving a 250-pound photo printer. CES provided medical treatment through Dr. Lennard and others, including surgery to repair Odom's biceps tendon followed by physical therapy.

Odom's discomfort continued. Suspecting complex regional pain syndrome (CRPS), Dr. Lennard referred Odom for stellate ganglion block treatments and kept him on physical therapy, pain management, and work restrictions. Despite

these interventions, Odom's arm and shoulder pain, weakness, and loss of function persisted.

In August 2013, Odom's physical therapist recommended discharging Odom "due to plateauing of symptoms." Dr. Lennard did so on August 26, 2013, stating that Odom had reached maximum medical improvement (MMI) and advising Odom to reduce his activity to see if his arm would improve.

Odom reduced his activity. His arm did not get better. He went to his primary-care physician, who referred him to doctors who confirmed CRPS and provided physical therapy and pain management through the September 2017 workers' compensation hearing. Odom submitted these medical expenses to his wife's health insurance.

Due to chronic pain and physical limitations, Odom has never returned to work. A vocational rehabilitation consultant testified that Odom was unemployable in the open labor market. An ALJ, then the Commission by a 2-1 vote on application for review, awarded Odom PTD benefits plus past and future medical expenses.

CES appeals, charging that no sufficient competent evidence warranted the PTD, past medical, or future medical awards (RSMo § 287.495.1(4)).[1]

---

[1] Rule 84.04(d)(2) requires CES's points to include three elements which "shall" be presented substantially as follows:

> The Commission erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].

Although each of CES's points omits the third element ("in that …"), we decline to dismiss because we can discern these points challenge the sufficiency of evidence to support the PTD, past medical, and future medical awards respectively.

Why then mention the violations? Because we must address CES's claim that its points are just fine as they are. CES acknowledges that "the 'in that' section of the Rule 84.04 template is missing," but blithely asserts that its list of "Statutes and Supporting Cases" satisfies that requirement equally well. Needless to say, CES cites no support for this ill-considered excuse for violating Rule 84.04, compliance with which is *mandatory*. **Scott v. King**, 510 S.W.3d 887, 891-92 (Mo.App. 2017).

**Point 1 – PTD Benefits**

Point 1 alleges that no sufficient evidence supports the PTD award.  We can overlook the Rule 84.04(d) violation, but not the supporting argument's failings.

Rule 84.04(e) requires an argument to support all factual assertions with "specific page references" to the record on appeal.  Point 1's argument, replete with factual assertions, has no such cites.  We would have to do CES's work to know if the record supports its arguments.  ***Lombardo v. Lombardo***, 120 S.W.3d 232, 247 (Mo.App. 2003).  We cannot sift 2,200 pages for that purpose or to remedy CES's violation without becoming a *de facto* advocate, which we cannot do.  ***Eder v. Lawson's Hardwood Floors***, 403 S.W.3d 623, 625 (Mo.App. 2012).

Even with record references, Point 1 would still fail.  A successful not-supported-by-substantial-evidence challenge involves three analytical steps:

1. Identify a factual proposition needed to sustain the result;

2. Identify all favorable evidence in the record supporting that proposition; and

3. Demonstrate, in light of the whole record, that the step 2 evidence and its reasonable inferences are so non-probative that no reasonable mind could believe the proposition.[2]

CES disregards this rubric, effectively ignoring proof that supports a PTD award and focusing instead on its evidence.  This approach strips CES's argument of any analytical or persuasive value.  ***Jordan***, 383 S.W.3d at 95.  For all these reasons, Point 1 fails.

**Point 3 – Future Medical Expenses**

We take Point 3 next.  It seeks to reduce the award of future medical expenses, asserting that no substantial evidence supports the inclusion of pain management services.  Again, the supporting argument lacks persuasive or analytical value because it ignores the three steps cited above.  ***Id***.

Further, to quote CES's reply brief,

---

[2] *See **Maryville R-II Sch. Dist. v. Payton***, 516 S.W.3d 874, 881 (Mo.App. 2017); ***Brune v. Johnson Controls***, 457 S.W.3d 372, 377 (Mo.App. 2015); ***Riley v. City of Liberty***, 404 S.W.3d 434, 440 (Mo.App. 2013); ***Jordan v. USF Holland Motor Freight, Inc.***, 383 S.W.3d 93, 95 (Mo.App. 2012).

[CES's] point is simply that the future medical award should be modified to reflect the opinion of Dr. Lennard that "medication management and activity limitations" are the preferred treatment for [Odom's] symptoms, as set out in [CES's] Brief, rather than "future pain management services" suggested by Dr. Paul. Dr. Lennard is better positioned to determine the nature and extent of [Odom's] need for additional care.

"Because conflicting medical theories present a credibility determination for the Commission to make, its decision as to which of the various medical experts to believe is binding on this Court." ***Morris v. Captain D's***, 537 S.W.3d 420, 424 (Mo.App. 2018). The Commission implicitly credited Dr. Paul "and we must defer to that credibility determination." ***Id***. at 425. The future-medical award is supported by substantial and competent evidence, which defeats this point. ***Id***.

### Point 2 – Past Medical Expenses

CES claims the record does not support its liability for $36,539.99 in medical expenses that Odom incurred after Dr. Lennard released him.

As summarized in ***Poole v. City of St. Louis***:

An employer is charged with the duty of providing the injured employee with medical care, but the employer is given control over the selection of a medical provider. It is only when the employer fails to do so that the employee is free to pick his own provider and assess those costs against his employer.

328 S.W.3d 277, 291 (Mo.App. 2010)(internal citations omitted). If the employee picks his own doctor, the employer must pay "only when the employer has notice that the employee needs treatment, or a demand is made on the employer to furnish medical treatment, and the employer refuses or fails to provide the needed treatment." ***Id***.; s*ee also* § 287.140.1, .10.

CES does not claim Odom's medicals after Dr. Lennard's August 2013 discharge were not fair, reasonable, or causally related to Odom's work accident. So the narrow question is whether, and if so, when, CES received notice or demand that Odom needed such treatment. ***Poole***, 328 S.W.3d at 291.

Odom admits that the earliest such notice was his deposition testimony on June 30, 2014, and that any award of earlier-incurred medical expenses was error. We agree. The Commission's award erroneously included $2,510.93 in medical expenses predating June 30, 2014, so we grant Point 2 in part. Competent

4

evidence of record supports an award of $34,029.06 for Odom's medical expenses incurred after June 30, 2014, but not the additional $2,510.93 incurred prior to that date.

**Conclusion**

We reverse and remand for the Commission to reduce its award of past medical expenses to $34,029.06, and affirm the award in all other respects.[3]

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[3] All pending motions and requests are denied.