

# Missouri Court of Appeals

### Southern District

### Division Two

ULYSSES ROBINSON, JR., )
)
    Claimant-Respondent, )
)
vs. )    Nos. SD35649 & 35650
)       CONSOLIDATED
THE LOXCREEN COMPANY, INC., )
)    **Filed: April 16, 2019**
    Employer-Appellant, )
)
and TREASURER OF THE STATE OF )
MISSOURI AS CUSTODIAN OF THE )
SECOND INJURY FUND, )
)
    Appellant. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

The Loxcreen Company ("Employer") appeals the final award granting permanent partial disability benefits and future medical expenses to its former employee, Ulysses Robinson, Jr. ("Claimant"), by the Labor and Industrial Relations Commission ("the Commission"), which stemmed from a 2007 work accident. The Second Injury Fund ("the Fund") appeals Claimant's award of permanent total disability benefits. Employer raises four points on appeal, and the Fund raises one. Finding no merit in either Employer's or the Fund's points, we affirm the award of the Commission.

**Standard of Review**

Appeals of the Commission's decision are governed by the Missouri Constitution and § 287.495.[1] "On appeal, this Court reviews the Commission's decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" ***Johme v. St. John's Mercy Healthcare***, 366 S.W.3d 504, 509 (Mo. banc 2012) (quoting Mo. Const. Art. V, § 18); *see also* ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 222-23 (Mo. banc 2003).  On appeal, the Court:

> may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1)  [t]hat the [C]ommission acted without or in excess of its powers;
>
> (2)  [t]hat the award was procured by fraud;
>
> (3)  [t]hat the facts found by the [C]ommission do not support the award; [or]
>
> (4)  [t]hat there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1.  The workers' compensation laws are to be strictly construed. § 287.800.1.  In reviewing a decision of the Commission, this Court reviews the "findings of the Commission and not those of the [Administrative Law Judge]" ("ALJ").  ***Lawrence v. Anheuser Busch Cos. Inc.***, 310 S.W.3d 248, 250 (Mo. App. E.D. 2010).

In each of Employer's four points, Employer asks this Court to reverse the Commission's award based on a lack of "competent and substantial evidence,"

---

[1] All statutory references are to RSMo as amended and effective through November 2, 2007, the date of Claimant's injury, unless otherwise indicated.  *See* ***Lankford v. Newton County***, 517 S.W.3d 577, 583 n.7 (Mo. App. S.D. 2017).

thereby invoking the standard set forth in § 287.495.1(4).[2]  "A section 287.495.1(4) challenge succeeds only in the demonstrated *absence* of sufficient competent substantial evidence; evidence *contrary* to the award of the Commission, regardless of quantity or quality, is 'irrelevant.'" ***Nichols v. Belleview R-III School Dist.***, 528 S.W.3d 918, 922 (Mo. App. S.D. 2017) (quoting ***Hornbeck v. Spectra Painting, Inc.***, 370 S.W.3d 624, 629 (Mo. banc 2012)).  "Sufficient competent evidence is a minimum threshold" and can be satisfied by the testimony of one witness, even if there is contradictory testimony from other witnesses. ***Nichols***, 528 S.W.3d at 922.  Essentially, Employer and the Fund argue that the Commission erred by not adopting their view of the conflicting evidence.  While we examine the whole record, we must still defer to the Commission's determinations in resolving conflicting medical testimony given by expert witnesses. ***Armstrong v. Tetra Pak, Inc.***, 391 S.W.3d 466, 470-71 (Mo. App. S.D. 2012).

Here, the Commission's decision to grant compensation is not contrary to the overwhelming weight of the evidence and is affirmed.

## Background

In November 2007, Claimant was injured in a work accident involving a metal dolly stacked with over 2,000 pounds of weight.  Claimant was on an incline coming out of a truck, and lost control of the dolly.  Claimant was trapped between a boom[3] and the dolly, so he jumped over the dolly to keep it from falling on him. He tripped and fell "face forward," hit his head on the concrete, and passed out.

---

[2] Claimant did not file a brief in this case.  This Court, therefore, does not have the benefit of any argument Claimant would have presented. ***Jordan v. City of Centerville***, 119 S.W.3d 214, 217 n.4 (Mo. App. S.D. 2003).

[3] Claimant described the "boom" as "[a]n extension that they use to off-load and load the metal . . . when it's extended too long."

Claimant's hands were under his body when he fell, and he was not able to brace his fall at all. Both of Claimant's knees, along with his whole body, hit the concrete. When he regained consciousness, he was not immediately able to move.

Claimant filed a claim for permanent total disability for injuries to his head, right side of face, right eye, right shoulder, hands, left hip, and left knee.[4] A hearing was held before an ALJ in which Claimant was the only live witness. The remainder of the evidence at the hearing consisted of deposition testimony and reports from various experts, including Dr. David Volarich ("Dr. Volarich") on behalf of Claimant, and Doctors Robert Bernardi and Michael Nogalski on behalf of Employer. The ALJ determined that the work accident was not the prevailing factor in causing the injuries to Claimant's left hip, left knee, back, right shoulder, and right wrist. The ALJ decided that Claimant did not need additional medical care, and did not find the Fund liable.

On review, the Commission entered its award, modifying the ALJ's award as to: (1) medical causation; (2) permanent partial and permanent total disability; (3) future medical care; (4) the liability of the Fund; and 5) attorney's fees. The Commission found the testimony of Claimant's medical examiner, Dr. Volarich, to be "persuasive" in his findings as to causation. The Commission found Claimant to be permanently partially disabled as a result of the work accident to the extent of:

> 5% of the body as a whole referable to the head; 25% of the right upper extremity at the 232 week level (combined shoulder and wrist); 25% of the left lower extremity at the 207 week level (combined hip and knee); and 5% of the body as a whole referable to the low back.

---

[4] This claim was later amended to include both knees.

Regarding the Fund's liability, the Commission further relied on the opinion of Dr. Volarich. The Commission concluded that Claimant's preexisting medical conditions,[5] combined with his current injuries and disabilities rendered Claimant totally disabled. Accordingly, the Commission found the Fund liable for permanent total disability benefits. It also awarded Claimant the costs of future medical care related to the effects of Claimant's work injury.

### Claims by Employer

Each of Employer's four points on appeal allege, for various reasons, that the Commission's award "is not supported by competent and substantial evidence," thus seeking this Court's review under § 287.495.1(4). The standard of review for this type of challenge requires that Employer engage in a specific analytical process. Employer, as an appellant, must:

1. Identify a factual proposition necessary to sustain the Commission's result;

2. Marshal all evidence in the record supporting that factual proposition, subject to the Commission's authorized factual and credibility determinations, explicit or implicit, and viewing the record objectively where there were no explicit or implicit findings;

3. Demonstrate why the evidence from the second step lacks sufficient probative force on the issues, such that the Commission could not have reasonably believed the factual proposition set forth in step one.

*Nichols*, 528 S.W.3d at 927-28; *see also **Maryville R-II Sch. Dist. v. Payton***, 516 S.W.3d 874, 881 (Mo. App. W.D. 2017) (recognizing multi-step analysis);

---

[5] Claimant suffered from a "multitude of preexisting permanent partially disabling conditions which constituted a hindrance to employment," including: "left elbow cubital tunnel syndrome with a carpal tunnel release; right elbow cubital tunnel syndrome without surgery; right wrist carpal tunnel syndrome without surgery; right shoulder impingement with partial rotator cuff tear; right knee degenerative arthritis; and left shoulder separation."

5

***Brune v. Johnson Controls***, 457 S.W.3d 372, 377 (Mo. App. E.D. 2015).

"[A]dherence to this analytical formula is ***mandatory*** . . . because it reflects the underlying criteria necessary for a successful challenge – the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge." ***Nichols***, 528 S.W.3d at 928 (emphasis added). A § 287.495.1(4) challenge will succeed only in the "*absence* of sufficient competent evidence[.]" ***Id.*** at 929.

Employer does not recognize nor attempt to follow the required analytical process set forth in ***Nichols***, in any of Employer's points on appeal. Employer does not clearly lay out a factual proposition, marshal all the evidence that supports it, and then demonstrate why that evidence lacks "sufficient probative force on the issues." ***Id.*** at 927-28.

For example, in point 1, Employer acknowledges that the Commission found Dr. Volarich's opinion on causation to be persuasive, and then proceeds to marshal the evidence *contrary* to Dr. Volarich's opinion. In this manner, Employer's failure to apply the correct analytical process is clear. If the evidence before the Commission supports either of two findings, this Court is bound by the Commission's decision, and it is "irrelevant that there is supportive evidence for the contrary finding." ***Hornbeck***, 370 S.W.3d at 629 (quoting ***Pulitzer Pub. Co. v. Labor & Indus. Relations Comm'n***, 596 S.W.2d 413, 417 (Mo. banc 1980)); ***Jefferson City Country Club v. Pace***, 500 S.W.3d 305, 312 (Mo. App. W.D. 2016).

Similarly, in points 2, 3 and 4, Employer challenges the award as not supported by "competent and substantial evidence" by focusing on evidence

6

contrary to the award and isolated statements within the award that Employer alleges undermine the Commission's decision. Employer "effectively ignor[es] proof" that supports the Commission's award, and in doing so, strips its "argument of any analytical or persuasive value." *Custom Eng'g Servs. v. Odum*, No. SD35638, 2019 WL 1109672, at *2 (Mo. App. S.D. Mar. 11, 2019); *see Jordan v. USF Holland Motor Freight, Inc.*, 383 S.W.3d 93, 95 (Mo. App. S.D. 2012).

Employer's points 1-4 are denied.

## Claims by the Second Injury Fund

Section 287.220 "imposes liability on the Fund in certain cases of permanent disability when there is a preexisting disability." *Lawrence v. Treasurer of State – Custodian of 2nd Injury Fund*, 470 S.W.3d 6, 13 (Mo. App. W.D. 2015). The Fund argues that Claimant's failure to prove he suffered disability as a result of his work accident means that he is not entitled to permanent total disability benefits from the Fund.

To its credit, the Fund properly recognizes the applicable analytical process that governs our standard of review. As this Court has noted, this analytical sequence "hinge[s] on the probative value of the evidence supporting the award of the Commission." *Nichols*, 528 S.W.3d at 928 n.16.

The factual proposition that the Fund disputes is the Commission's following statement:

> We find Dr. Volarich persuasive in his findings that the fall on November 2, 2007 was "the substantial contributing factor as well as the prevailing or primary factor causing the right facial contusion, the right eye traumatic iritis, the right shoulder internal derangement that required two surgical repairs, the aggravation of the right wrist carpal tunnel syndrome that required surgical repair, the left hip bursitis, the left knee internal derangement that

7

required surgical repair, the back pain syndrome secondary to abnormal weight bearing that required conservative treatments."

Next, the Fund states the only evidence supporting the accident as the prevailing factor in Claimant's injuries was Dr. Volarich's opinion. The Fund states that the Commission relied on "conjecture and its own assumptions" in making its award, and that the Commission ignored competent and undisputed testimony of unimpeached witnesses. It concludes that "the contrary evidence overwhelms the supportive evidence."

The Fund spends the bulk of its argument pointing out the medical evidence that it claims contradicts the Commission's decision, and in doing so, underrepresents the supportive evidence that favors the award. In this manner, the Fund fails to properly consider the legal challenge made on the basis that the award lacks substantial and competent evidence: that it will only succeed "in the demonstrated *absence* of sufficient competent substantial evidence; evidence *contrary* to the award of the Commission, regardless of quantity or quality, is 'irrelevant.'" **Nichols**, 528 S.W.3d at 922 (quoting **Hornbeck**, 370 S.W.3d at 629).

The Fund points to statements in the Commission's award—that Claimant's increase in symptoms was not "merely coincidence" and that it was plausible that an "unidentified cervical neurological disorder" may be the cause of "much" of Claimant's symptoms—as evidence that the Commission impermissibly imposed its lay opinions in lieu of physicians' conclusions. The Fund's argument, similar to the Employer's argument, reads portions of the Commission's award in isolation and ignores that the Commission's decision was based on Dr. Volarich's "persuasive"

8

and "credible" opinion, "corroborated by [his physician's] records and [Claimant's] surgical history." When faced with contrary medical opinions, as here, the Commission's decision receives deference. *See **Gonzales v. Butterball, L.L.C.**, 457 S.W.3d 880, 887 (Mo. App. S.D. 2015); **Pennewell v. Hannibal Reg'l Hosp.**, 390 S.W.3d 919, 924 (Mo. App. E.D. 2013).

In this case, there is sufficient competent evidence to support the Commission's award. In addition to the "competent and substantial evidence" of Dr. Volarich's medical opinion, the Commission also heard Claimant's testimony describing his work accident as involving a traumatic fall in which he lost consciousness and was taken to the hospital. The Commission found Claimant to be "credible in his reports of injury and symptoms despite the limitations of his education and difficulty in ability to relate a precise mechanism of trauma on the date of accident." Testimony on facts within a lay person's understanding, such as that given by Claimant, can constitute substantial evidence that supports an award, particularly in combination with other medical evidence. *See **Treasurer of the State of Mo. v. Majors**, 506 S.W.3d 348, 354 (Mo. App. W.D. 2016).

We conclude that the Commission's award was based on sufficient competent evidence. The Fund's point on appeal is denied.

**Decision**

The Commission's award is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J. – CONCURS