

# Missouri Court of Appeals

## Southern District

### Division Two

KEVIN PARVIN,                          )

                               )

            Appellant,           )

                               )

     vs.                          )

                               )   No. SD36281

CAMCORP ENVIRONMENTAL, LLC,  )

MISSOURI EMPLOYERS MUTUAL INS. CO.  )   FILED: February 18, 2020

and TREASURER OF THE STATE OF       )

MISSOURI AS CUSTODIAN OF THE       )

SECOND INJURY FUND,             )

                               )

           Respondents.       )

## APPEAL FROM THE LABOR AND
## INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Kevin Parvin ("Claimant") appeals the denial of his worker's compensation claim. His three points take issue with the factfinder's credibility determinations and weighing of the evidence. We affirm.

### Background

The record reflects the following. Claimant was a 56-year-old high-school graduate who worked construction jobs most of his adult life. Prior to working for Camcorp ("Employer"), Claimant had "a lot of pain complaints," two right-shoulder rotator-cuff surgeries, and two lower-back surgeries. His back and shoulder pain were a constant problem in the 1990s and early 2000s. His back was so sore he could hardly get out of bed in the morning and the pain only

worsened over time. Claimant took pain medications when he could get them and received treatment from a massage therapist.

Claimant lost a son in a motor-vehicle accident in 2006. In 2009, Claimant's father died and Claimant's wife unexpectedly separated from him. These events were emotionally traumatic for Claimant and gave rise to major depressive disorder. His symptoms included irritability, anger, and tearfulness. Unfortunately, Claimant never sought help or treatment for his emotional problems.

Claimant began working for Employer in 2012. He primarily operated heavy equipment, doing environmental cleanup followed by placement of black dirt on sites affected by the Joplin tornado. Occasionally he performed manual labor such as sweeping, raking, or spreading grass seed and straw.

Claimant lost his other son in May 2013. This loss overwhelmed Claimant and worsened his already poor emotional condition. Employer gave Claimant six weeks of fully-paid leave.

When Claimant returned to work, he had emotional problems and sometimes broke down crying on the jobsite. On one occasion he got angry with an inspector and shook the bucket of a piece of equipment at her, which she took as a threat. Employer sympathized with Claimant and knew he was having a hard time. Rather than fire him, Employer laid him off so he could collect unemployment benefits. Employer made the decision due to Claimant's emotional instability on the jobsite, the incident of aggression toward the inspector, and because a contract was about to expire and several workers were going to have to be laid off anyway. During the 18 weeks he was on unemployment, Claimant regularly sought and applied for work.

In March 2014, Claimant filed a workers' compensation claim alleging occupational disease of his arms, shoulders, and back dating to September 2013. After a hearing, an ALJ expressly found that Claimant had not proved his claim because he was not a credible witness and his medical expert was not as persuasive

as Employer's, then reiterated both credibility determinations in denying relief.[1] A majority of the Commission affirmed and incorporated the ALJ's decision. Claimant appeals.

## Principles of Review

"Here, we review the ALJ's findings and decision because they were adopted by the Commission, and we defer to the ALJ's credibility determinations, weighing of evidence, and decisions between competing medical theories." ***Proffer v. Fed. Mogul Corp.***, 341 S.W.3d 184, 187 (Mo.App. 2011).[2] It was Claimant's burden to prove all elements of his claim. ***Cole v. Alan Wire Co., Inc.***, 521 S.W.3d 308, 315 (Mo.App. 2017). As relevant here and discussed below, § 287.495.1(4) allows us to grant Claimant relief only if "there was not sufficient competent evidence in the record to warrant the making of the award."

## All Points' Common Failing

Claimant's three points challenge the ALJ's credibility determinations, in that each alleges a lack of "competent and substantial evidence" to support one of the ALJ's stated reasons for disbelieving Claimant and his medical expert, and thus invokes § 287.495.1(4) review. "The standard of review for this kind of challenge requires that [Claimant] engage in a specific analytical process." ***Robinson v. Loxcreen Co.***, 571 S.W.3d 247, 250-51 (Mo.App. 2019). Specifically, Claimant must:

1. Identify a factual proposition necessary to sustain the Commission's result;

2. Marshal all evidence in the record supporting that factual proposition, subject to the Commission's authorized factual

---

[1] We quote the award's final paragraph:

> Therefore, having considered all of the evidence, I find that Claimant has not met his burden of proving his claim because I find the claimant's testimony to not be credible or reliable and I find the medical opinions of Dr. Parmet to be more convincing and persuasive than those of Dr. Koprivica. I find and conclude that the claimant's work duties were not the prevailing factor in causing the alleged injury to his arms, shoulders, and back. I find and conclude that the claimant's alleged occupational disease did not arise out of and in the course of his employment at Camcorp. As a result, the claim for compensation is denied and the claimant is awarded no benefits. All remaining issues are moot.

[2] Thus we hereafter refer to the ALJ and the Commission interchangeably.

and credibility determinations, explicit or implicit, and viewing the record objectively where there were no explicit or implicit findings;

3. Demonstrate why the evidence from the second step lacks sufficient probative force on the issues, such that the Commission could not have reasonably believed the factual proposition set forth in step one.

*Id.*; *see also* ***Schlereth v. Aramark Uniform Services, Inc.***, 589 S.W.3d 645, 652-53 (Mo.App. 2019); ***Harris v. Ralls County***, 588 S.W.3d 579, 596, 601 (Mo.App. 2019); ***Customer Eng'g Services v. Odom***, 573 S.W.3d 88, 91 & n.2 (Mo.App. 2019); ***Nichols v. Belleview R-III Sch. Dist.***, 528 S.W.3d 918, 927-28 (Mo.App. 2017); ***Maryville R-II Sch. Dist. v. Payton***, 516 S.W.3d 874, 881 (Mo.App. 2017); ***Lincoln Univ. v. Narens***, 485 S.W.3d 811, 821 (Mo.App. 2016); ***Brune v. Johnson Controls***, 457 S.W.3d 372, 377 (Mo.App. 2015); ***Riley v. City of Liberty***, 404 S.W.3d 434, 440 (Mo.App. 2013); ***Jordan v. USF Holland Motor Freight***, 383 S.W.3d 93, 95 (Mo.App. 2012).[3]

"[A]dherence to this analytical formula is mandatory … because it reflects the underlying criteria necessary for a successful challenge—the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge." ***Nichols***, 528 S.W.3d at 928; *see also* ***Harris***, 588 S.W.3d at 601; ***Robinson***, 571 S.W.3d at 251.

---

[3] Any suggestion that "this formula does not apply in cases challenging the Commission's award as not supported by sufficient competent evidence is incorrect as a matter of law." ***Schlereth***, 589 S.W.3d at 652-53. The three steps we cite derive from ***Houston v. Crider***, 317 S.W.3d 178, 186-87 (Mo.App. 2010), which also stated a four-step formula for against-the-weight-of-evidence challenges. *Id*. at 187. Given our supreme court's linking of these two types of challenges in workers' compensation cases (*see* ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 222-23 (Mo. banc 2003)), some of the collected cases cite the three-step formula (***Robinson***, ***Schlereth***, ***Odom***, ***Nichols***, ***Brune***) while others list four steps (***Harris***, ***Payton***, ***Narens***, ***Riley***, ***Jordan***). It makes no difference here because Claimant used neither approach.

More fundamentally, however, we pose again this question. If reviewing courts don't search the record for evidence to support civil judgments against parties with the burden of proof because those judgments need no evidentiary support and are not subject to no-substantial-evidence complaints, should we review workers' compensation non-awards any differently? *See* ***Farmer v. Treasurer***, 567 S.W.3d 228, 231 (Mo.App. 2018) (contrasting analysis in ***Malam v. State, Dep't of Corr.***, 492 S.W.3d 926, 928, 930 (Mo. banc 2016) vs. ***White v. Dir. of Revenue***, 321 S.W.3d 298, 305 (Mo. banc 2010)).

Claimant's disregard of these requirements strips his arguments of any analytical or persuasive value. ***Robinson***, 571 S.W.3d at 251; ***Odom***, 573 S.W.3d at 91; ***Brune***, 457 S.W.3d at 377; ***Jordan***, 383 S.W.3d at 95. These failings defeat all of Claimant's points, but we would be remiss not to further address three of his specific arguments.

### Negative Inference

Claimant argues in Point 1 that the ALJ should have drawn a negative inference because Employer called only one of its owners as a witness, not both. The ALJ discounted that idea, as was her prerogative, when Claimant raised it at trial:

> THE COURT: [Claimant's counsel], I do not believe that every employer has to bring in all of their people just in case the claimant decides they might have a need to have them give testimony. So if you made it known and then they refused or if you subpoenaed him and he refused to make himself available, I think that's quite a different situation.

Indeed, it is hard to take Claimant's complaint seriously when his counsel next told the ALJ: "Well, I don't want [the other owner] to testify. You know, he's apparently not contradicting my client's testimony, so why would I call him to testify?"

### "Fundamental Misunderstanding"

Under Point 2, Claimant posits that the Commission fundamentally misunderstood him to assert a claim of singular accident, not one of occupational injury from repetitive motion. The award shows otherwise. In it, the ALJ, and the Commission by extension:

- Stated that Claimant "alleges injury to both arms and shoulders and back from repetitive work."

- Framed as an issue for determination whether Claimant sustained an injury "by occupational disease due to repetitive motion?"

- Under "Findings of Fact," described the claim as one of occupational disease due to repetitive use of Claimant's arm.

- Under "Rulings of Law," identified § 287.067 as "the relevant statutory provision defining occupational disease by repetitive motion," then quoted directly from that statute.

5

## Medical Expert Credibility

Point 3 and its argument unabashedly urge us to reverse the Commission's decision, explained in the award, to credit Employer's medical expert rather than Claimant's. We cannot do so.

It is well settled that weighing of conflicting medical testimony lies within the Commission's sole discretion and cannot be reviewed by this court. ***Cook v. Missouri Highway & Transp. Comm'n***, 500 S.W.3d 917, 929 (Mo.App. 2016); *see also* ***Armstrong v. Tetra Pak, Inc.***, 391 S.W.3d 466, 471 (Mo.App. 2012)(Commission decision which medical expert to believe is binding on this court). "We are bound, therefore, by the ALJ's decision as to which of the various medical experts to believe." ***Proffer***, 341 S.W.3d at 187.

We affirm the Commission's award.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS