

# Missouri Court of Appeals

### Southern District

### Division Two

THE DOE RUN COMPANY, Employer, )
and AMERICAN ZURICH INSURANCE )
COMPANY, Insurer, )
                                   )
             Appellants, )
                                   )
        vs. )    No. SD36499
                                   )
THOMAS A. FENWICK, )    FILED April 29, 2020
                                   )
            Respondent. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

Appellants charge that two workers' compensation awards were "contrary to the overwhelming weight of the competent and substantial evidence" in five different respects.[1] All these arguments ignore the required framework for asserting such complaints, so none has persuasive or analytical value and each fails summarily.

---

[1] Respondent's claims were tried and are appealed together. Appellants assert three points relied on, collectively purporting to assert five against-the-weight challenges. All of Appellants' points violate Rule 84.04(d)'s form template, for which they have "no excuse." *Nichols v. Belleview R-III Sch. Dist.*, 528 S.W.3d 918, 927 (Mo.App. 2017). Even worse, given Appellants' particular challenges, is their statement of facts. Rule 84.04(c) mandates "a fair and concise statement" of relevant facts "without argument." Yet Appellants emphasize only evidence favorable to them, despite the Commission's contrary credibility findings (note 3 *infra*), while virtually ignoring Respondent's proof. This does not substantially comply with Rule 84.04(c). *Nolan v. Degussa Admixtures*, 246 S.W.3d 1, 3 (Mo.App. 2008).

"An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 223 (Mo. banc 2003). Appellate courts evaluate such challenges "by examining the evidence *in the context of the whole record.*" ***Id.*** (our emphasis). Therefore, to make an effective ***Hampton*** argument as to any of their points, Appellants needed to:

1. Marshal all record evidence favorable to the award;

2. Marshal all unfavorable evidence, subject to the Commission's explicit or implicit credibility determinations; and

3. Show "in the context of the whole record" how the unfavorable evidence so overwhelms the favorable evidence and its reasonable inferences that the award "is, in context, not supported by competent and substantial evidence." ***Id.***

*See, e.g.*, ***Schlereth v. Aramark Uniform Services***, 589 S.W.3d 645, 652-53 (Mo.App. 2019); ***Harris v. Ralls County***, 588 S.W.3d 579, 596, 601 (Mo.App. 2019); ***Customer Eng'g Services v. Odom***, 573 S.W.3d 88, 91 & n.2 (Mo.App. 2019); ***Robinson v. Loxcreen Co.***, 571 S.W.3d 247, 250-51 (Mo.App. 2019); ***Nichols,*** 528 S.W.3d at 927-28; ***Maryville R-II Sch. Dist. v. Payton***, 516 S.W.3d 874, 881 (Mo.App. 2017); ***Lincoln Univ. v. Narens***, 485 S.W.3d 811, 821 (Mo.App. 2016); ***Brune v. Johnson Controls***, 457 S.W.3d 372, 377 (Mo.App. 2015); ***Riley v. City of Liberty***, 404 S.W.3d 434, 440 (Mo.App. 2013); ***Jordan v. USF Holland Motor Freight***, 383 S.W.3d 93, 95 (Mo.App. 2012).[2]

Any suggestion that this formula does not apply "is incorrect as a matter of law." ***Schlereth***, 589 S.W.3d at 652-53. Courts insist on adherence to this rubric "because it reflects the underlying criteria necessary for a successful challenge — the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge." ***Nichols***, 528 S.W.3d at 928. Appellants' disregard for

---

[2] The three steps we cite derive from ***Houston v. Crider***, 317 S.W.3d 178, 186-87 (Mo.App. 2010), which also stated a four-step formula for against-the-weight-of-evidence challenges. ***Id.*** at 187. ***Hampton*** having linked these two types of challenges in workers' compensation cases, some cited cases use the three-step formula (***Schlereth***, ***Odom***, ***Robinson***, ***Nichols***, ***Brune***) while others list four steps (***Harris***, ***Payton***, ***Narens***, ***Riley***, ***Jordan***). It matters not here because Appellants used neither approach.

these requirements robs their arguments of any analytical or persuasive value. *Robinson*, 571 S.W.3d at 251; *Odom*, 573 S.W.3d at 91; *Brune*, 457 S.W.3d at 377; *Jordan*, 383 S.W.3d at 95.[3]

Having examined the whole record, we cannot declare the Commission's awards unsupported by competent and substantial evidence or against the overwhelming weight of the evidence. We affirm the awards.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
DON E. BURRELL, J. – CONCURS

---

[3] These points would fail anyway. Appellants' various theories why their experts, not Respondent and his expert, should have been believed are non-starters when the Commission expressly found Respondent "persuasive" and his expert "more credible" and "more persuasive" than Appellants' experts. Contrary arguments "invite us to violate our rules of review by substituting our view of witness credibility for that of the Commission. We cannot and will not do so." *Dwyer v. Federal Exp. Corp.*, 353 S.W.3d 392, 395 (Mo.App. 2011). "[W]e defer to the Commission's choice between competing medical opinions," which lies within the Commission's sole discretion and is not subject to appellate review. *Id.*