Lisa P. Page, Presiding Judge *892 The Treasurer of the State of Missouri as Custodian of the Second Injury Fund ("Fund") appeals a final award of the Labor and Industrial Relations Commission ("Commission") awarding Winifred Thompson ("Claimant") workers' compensation benefits. We affirm.
BACKGROUND
Claimant sustained a back injury on July 27, 2006, while walking in the breakroom of her employer, Medi-Plex ("Employer"). Claimant was alone in the breakroom at the time of the accident. Claimant's coworkers, Deborah Vinson and Leanna Robinson, responded to Claimant's pleas for help shortly after the incident. Officer Jeremy Brown later arrived at the scene and eventually prepared his police report. Claimant subsequently filed a claim for workers' compensation.
Prior to this appeal the parties thoroughly litigated whether Claimant slipped and fell on a wet substance or whether she "just fell." This determination is dispositive as to whether the injury is compensable. None of the three witnesses testified that they observed any foreign substance on the floor, nor was there any mention of a foreign substance in Claimant's medical records. Additionally, Claimant did not mention any substance on the floor when directly asked by an insurance claims adjustor working for Employer, Ms. Cashin, shortly after the incident and while Claimant was hospitalized. The sole evidence of a foreign substance on the floor was Claimant's testimony during her deposition in March 2007 and before the Administrative Law Judge ("ALJ") during a July 2015 hearing.
Employer and Claimant settled prior to the second day of the hearing before the ALJ. Therefore, Claimant proceeded only against the Fund. The ALJ denied the claim, finding Claimant failed to establish there was a foreign substance on the floor and, as a result, she did not sustain a compensable injury that arose out of, and in the course of, her employment. The Commission reversed the ALJ's decision, finding Claimant's fall compensable because it did arise out of, and in the course of, her employment. Specifically, the Commission found Claimant's testimony credible that she slipped on a wet substance on the floor.
This appeal follows.
DISCUSSION
In its sole point on appeal, the Fund argues the Commission erred in finding Claimant's fall compensable because such a finding is not supported by substantial and competent evidence. For the reasons set forth below, we must disagree and affirm the Commission's decision.
Standard of Review
Article V, Section 18 of the Missouri Constitution provides for judicial review of the Commission's decision to determine whether it is "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, § 18 ; see also *893 Section 287.495.[1] Upon review, this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission upon the following grounds and no other:
(1) when the Commission has acted without or in excess of its powers;
(2) the decision was procured by fraud;
(3) the facts found by the Commission do not support the decision; or
(4) there was not sufficient competent evidence in the record to warrant the award.
Section 287.495.
Whether the Commission's decision is supported by competent and substantial evidence is determined by examining the evidence in the context of the whole record. Hampton v. Big Boy Steel Erection , 121 S.W.3d 220, 223 (Mo. banc 2003). However, "[t]his Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony." Johnson v. Denton Constr. Co. , 911 S.W.2d 286, 288 (Mo. banc 1995). Additionally, "findings of fact made by the [C]ommission within its powers shall be conclusive and binding." Section 287.495.1.
"This Court may not substitute its judgment on the evidence, and when the evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that there is supportive evidence for the contrary finding." Hornbeck v. Spectra Painting, Inc. , 370 S.W.3d 624, 629 (Mo. banc 2012) (internal quotations omitted). The Commission's findings will not be disturbed unless they are unsupported by competent and substantial evidence on the whole record. Id. The testimony of one witness, even if contradicted by the testimony of other witnesses, may be sufficient competent evidence to support an administrative decision. Morris v. Glenridge Children's Ctr., Inc. , 436 S.W.3d 732, 735 (Mo.App. E.D. 2014).
Thus, we defer to the Commission on issues concerning credibility and the weight to be given conflicting evidence. Totten v. Treasurer of State, 116 S.W.3d 624, 627 (Mo.App. E.D. 2003). However, we independently review questions of law without deference to the Commission's findings. Id.[2]
Analysis
The issue before the Commission was whether Claimant's injury arose out of, and in the course of, her employment, and required a binary determination: if there was no substance on the floor then the injury was not compensable; if there was a substance on the floor then the injury was compensable. The Commission found the latter.
The Fund's sole point on appeal is that the Commission's decision was not supported by substantial and competent evidence. Accordingly, we need not decide whether such a hazard existed, but whether there is substantial evidence to support the Commission's award. The Fund strenuously argues this is the "rare" case when the award is contrary to the overwhelming weight of the evidence. Hampton 121 S.W.3d at 223. We respectfully disagree.[3]
*894 The Commission issued a detailed decision finding Claimant credible and accepting her version of events. The Commission was specifically unpersuaded by Employer's internal investigation and the testimony of witnesses who arrived after the fall. The Commission was similarly unpersuaded by the absence of any mention that Claimant slipped on a substance in her medical records.
Moreover, the Commission did not find the testimony of Cashin credible. Cashin recorded Claimant's statement that she "just fell," did not recall seeing anything on the floor, and generally did not remember her fall. Claimant testified she did not recall this conversation with Cashin. The ALJ found Cashin's statement to be credible and that it helped prove there was no substance on the floor. However, the Commission did not believe Cashin was "credible, in the least." In discounting Cashin's testimony the Commission took note of Cashin's relationship with Employer, her failure to inquire into Claimant's whereabouts or mental state when Claimant was sedated and in the hospital, and Claimant's failure to recall the conversation.
As discussed, the Commission made explicit, detailed credibility and factual determinations. We must "defer[ ] to the Commission on issues involving the credibility of witnesses and the weight given to testimony." Johnson , 911 S.W.2d at 288. We are also bound by findings of fact made by the Commission within its powers. Section 287.495.1.
Given this deference, when presented with the entire record, considering the factual and credibility determinations made by the Commission, we conclude the decision is supported by substantial competent evidence. One could reasonably agree with the factual and credibility determinations of the ALJ. Similarly, one could find the equally well-reasoned opinion of the Commission to be correct. The Commission found Claimant testified consistently, under oath, that she slipped on a wet substance. The Commission further explicitly found the evidence presented by the Fund was not credible. Therefore, we are presented with two conflicting narratives. The Commission was persuaded by Claimant's account. When evidence before the Commission would warrant either of two opposed findings, we are "bound by the [Commission's] determination, and it is irrelevant that there is supportive evidence for the contrary finding." Hornbeck , 370 S.W.3d at 629.
Substantial competent evidence on the record as a whole supports the Commission's finding that Claimant's injury arose out of, and in the course of, her employment. Therefore, the Commission's decision that Claimant is entitled to benefits is affirmed.
CONCLUSION
For the foregoing reasons, the decision of the Commission is affirmed.
Roy L. Richter, J., and Philip M. Hess, J., concur.

All statutory references are to RSMo (2000), unless otherwise indicated.

We solely review the Commission's findings and not the findings made by the ALJ. Furthermore, the Commission's decision is not constrained by deference to the ALJ, as is our review of the Commission's award. Blackwell v. Puritan-Bennett Corp. , 901 S.W.2d 81, 85 (Mo.App. E.D. 1995).

During oral argument on this matter we granted the Fund leave to submit additional cases regarding credibility determinations of live testimony made by the Commission. The Fund provided us with Davis v. Research Medical Center , 903 S.W.2d 557 (Mo.App. W.D. 1995) and Blackwell v. Puritan-Bennett Corp., 901 S.W.2d 81 (Mo.App. E.D. 1995). We have reviewed these cases and are not persuaded that they support the Fund's point on appeal.