

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| JAMES SCHLERETH, | ) | No. ED107806 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor & |
| | ) | Industrial Relations Commission |
| ARAMARK UNIFORM SERVICES, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TREASURER OF THE STATE OF | ) | Filed: November 12, 2019 |
| MISSOURI, SECOND INJURY FUND, | ) | |
| | ) | |
| Respondents. | ) | |

### Introduction

James Schlereth ("Claimant") appeals from the final award of the Labor and Industrial

Commission ("Commission") denying his claim for permanent total disability against Aramark

Uniform Services, Inc. ("Employer"), its insurer Indemnity Insurance Company of North

America, and the Second Injury Fund ("Fund").[1]  On appeal, Claimant contends the Commission

---

[1] This workers' compensation case arises out of two separate claims.  In the first claim, Claimant alleged the repetitive nature of his job duties working as a production supervisor of a commercial laundry facility caused him to develop the occupational diseases of bilateral carpal tunnel, bilateral cubital tunnel, and left epicondylitis.  In the second claim, Claimant alleged a work-related accident caused him to suffer a mild traumatic brain injury and bilateral tinnitus.  Both claims were submitted together at a hearing before an Administrative Law Judge ("ALJ").  Separate awards denying compensation were issued for each claim.  The awards denying compensation were affirmed and adopted by the Commission.  Claimant appealed both awards to this Court, and this Court consolidated the appeals.  After consolidation, Claimant voluntarily dismissed the first claim.  Because Claimant's first claim was dismissed, this memorandum limits its discussion to the facts and law relevant to the second claim.

erred in denying his claim because the facts found by the Commission do not support its award and the Commission's award is not supported by sufficient competent evidence.

In his first point on appeal, Claimant argues the Commission's conclusion that his work-related accident was not the cause of his medical condition is error because the Commission improperly found he offered "no evidence" regarding causation and arbitrarily disregarded contrary unanimous expert testimony. In his second point on appeal, Claimant argues, because the Commission erred in concluding Claimant's medical condition was not compensable, the Commission also erred in failing to decide the issues of Claimant's level of disability, the Fund's liability, and Claimant's entitlement to future medical treatment.

We find the facts found by the Commission support its award denying Claimant's claim was compensable. We find the Commission's award concluding Claimant's work-related accident was not the cause of his medical condition is supported by sufficient competent evidence. Because we find the Commission's award was proper, we do not reach the issues of Claimant's level of disability, the Fund's liability, or Claimant's entitlement to future medical treatment. Accordingly, we affirm.

**Factual and Procedural Background**

October 8, 2014 Injury

Claimant began working for Employer in November 2005 as a commercial laundry facility production supervisor. While at work on October 8, 2014, Claimant was notified a few subordinates left a large batch of linen soaking wet on the production line when it should have been spun dry. Claimant verbally reprimanded two subordinates, telling them what they did was "stupid." In response, one of the subordinates spit in Claimant's face and punched Claimant repeatedly about the face and head, causing Claimant to become dazed and fall and hit his head

2

against a washing machine. Claimant and the subordinate were promptly terminated that day for fighting. Claimant has not returned to work since his termination and supports himself on social security disability.

Claimant was driven to DePaul Hospital Emergency Room and treated on October 8, 2014. He complained of a headache and mild ringing in his right ear. When asked to rate his pain on a scale of severity, Claimant rated his pain as a 2/10. Claimant underwent a CT scan, and the results were normal. He was diagnosed with a "facial contusion" and released without medication. On October 17, 2014, nine days after the work-related accident, Claimant saw his primary care physician, Dr. Mark A. Scheperle. Claimant did not complain of any ear pain during that visit. Dr. Scheperle examined Claimant's ears and noted they appeared normal. Claimant was visiting Dr. Scheperle monthly following the October 17, 2014, visit and never complained of any pain regarding his ear until June 11, 2015. At Claimant's June 11, 2015, visit, Dr. Scheperle did not document which of Claimant's ears was experiencing pain. Dr. Scheperle made no diagnosis and provided no treatment regarding either of Claimant's ears. Dr. Scheperle's records do not document ringing in either of Claimant's ears.

Administrative Hearing

Claimant filed a claim for compensation against Employer and the Fund on October 27, 2017. The Administrative Law Judge ("ALJ") heard Claimant's claim on March 21, 2018.

Claimant testified at the hearing. He testified the ringing in both of his ears began after the work-related accident and his symptoms persist. He testified the ringing in his ears makes it difficult for him to concentrate and fall asleep. He also testified he experiences ringing in his ears more severely if he is in a noisy place. On cross-examination, Claimant testified he did not list that he suffered from tinnitus or any ringing in his ears when he filled out his Social Security

Application after the work-related accident. He testified he failed to do so because he did not know how to spell the word "tinnitus."

Claimant offered the deposition testimony of Dr. Raymond Cohen into evidence. Dr. Cohen conducted an independent medical examination of Claimant on January 12, 2016. Dr. Cohen testified Claimant said the work-related accident caused him to become dizzy and develop ringing in both of his ears. Dr. Cohen reviewed the emergency room records from DePaul Hospital Emergency Room and indicated they showed Claimant complained of mild ringing in only his right ear on October 8, 2014. Dr. Cohen testified Claimant told him he had trouble focusing and falling asleep after the work-related accident.

Dr. Cohen diagnosed Claimant with a mild traumatic brain injury and resulting chronic bilateral tinnitus. Dr. Cohen opined the work-related accident was the prevailing factor in causing Claimant's mild traumatic brain injury and resulting chronic bilateral tinnitus. On cross-examination, Dr. Cohen admitted there can be many causes of tinnitus. He admitted older persons and men are more likely to experience tinnitus. He admitted exposure to loud noises, ear infections, cardiovascular disease, diabetes, and certain medications can cause tinnitus. He admitted that Meloxicam, a medication Claimant took before the work-related accident, is a medication that can cause tinnitus. Dr. Cohen rated Claimant as being 20% permanently and partially disabled due to the chronic bilateral tinnitus he sustained because of the work-related accident. Dr. Cohen recommended Claimant avoid loud noise exposure and use hearing protection in situations where he could be exposed to loud noises.

Employer offered the deposition testimony of Dr. David M. Peeples into evidence. Dr. Peeples conducted an independent medical examination of Claimant on December 11, 2016. Dr. Peeples testified Claimant told him that, after the work-related accident, Claimant developed

4

ringing in his ears. Dr. Peeples testified Claimant told him the ringing in his ears is bothersome but does not limit his daily activities. Dr. Peeples noted Claimant did not mention the ringing in his ears caused him any difficulty concentrating or sleeping. Dr. Peeples also noted Claimant initially complained of tinnitus in the right ear only but complained of bilateral tinnitus in Dr. Cohen's and his own evaluation of him.

Dr. Peeples testified he found no evidence that Claimant had a traumatic brain injury due to the work-related accident because he had no symptoms of brain injury and his examination was normal. For example, Dr. Peeples testified Claimant reported no memory problems or cognitive dysfunction. Dr. Peeples further noted Claimant's neurological examinations revealed no problems with his cranial or focal nerves. He testified that, generally, persons with post-traumatic tinnitus also have symptoms of traumatic brain injury. Claimant had none. He also testified that post-traumatic tinnitus is usually unilateral, but it can be bilateral depending on where the injury occurred. However, he testified it is "physiologically" unlikely unilateral tinnitus caused by trauma could progress to bilateral tinnitus. Dr. Peeples testified the actual pathophysiologic cause of tinnitus is not known but the following are risk factors for developing tinnitus: advanced age, genetic predisposition, trauma, and certain medications containing nonsteroidal anti-inflammatory agents. Dr. Peeples testified that Meloxicam, a medication Claimant took before the work-related accident, is a medication well-known for causing ringing in the ears. Dr. Peeples opined the work-related accident was unlikely to be the prevailing factor in causing Claimant's tinnitus. Dr. Peeples opined the work-related accident was instead only a potential cause of Claimant's tinnitus.

<u>Administrative Findings</u>

The ALJ issued his award on June 21, 2018, denying Claimant permanent total disability benefits from Employer and the Fund. The ALJ concluded the work-related accident was not the cause of Claimant's tinnitus. In so concluding, it found Claimant offered "no evidence" of the cause of his tinnitus and Dr. Peeples' testimony regarding causation was more persuasive than Dr. Cohen's. Without evidence of causation, the ALJ found "[t]he mere claim of Claimant's tinnitus is not a reasonable supposition to impose liability" on Employer and the Fund. Claimant appealed the award to the Commission. The Commission found the ALJ's award was supported by sufficient competent evidence and adopted the ALJ's award and decision. Claimant appeals the Commission's decision.

**Standard of Review**

The Missouri Constitution, article V, section 18 (amended 1976)[2] and section 287.495[3] govern appeals of the Commission's decision. *Kolar v. First Student, Inc.*, 470 S.W.3d 770, 774 (Mo. App. E.D. 2015). Section 287.495.1 provides:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the [C]ommission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the [C]ommission do not support the award;

---

[2] MO. CONST. art. V, § 18 states, in relevant part:

> All final decisions, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.

[3] All statutory references are to RSMo (2016) unless otherwise indicated.

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1; *See also Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo. banc 2012).

"[I]n the absence of fraud, the findings of fact made by the [C]ommission within its powers shall be conclusive and binding." § 287.495.1; *Patterson v. Cent. Freight Lines*, 452 S.W.3d 759, 764 (Mo. App. E.D. 2015). The Commission's finding of causation is a question of fact. *Cahall v. Cahall*, 963 S.W.2d 368, 372 (Mo. App. E.D. 1998), overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). "[W]e defer to the Commission on issues concerning the credibility of witnesses and the weight to be given conflicting evidence." *Thompson v. Treasurer of Missouri*, 545 S.W.3d 890, 893 (Mo. App. E.D. 2018) (citing *Totten v. Treasurer of State*, 116 S.W.3d 624, 627 (Mo. App. E.D. 2003)).

Sufficient competent evidence is "evidence which has probative force on the issues and from which the trier of facts can reasonably decide the case." *Morris v. Glenridge Children's Ctr., Inc.*, 436 S.W.3d 732, 735 (Mo. App. E.D. 2014) (quoting *Miller v. Great S. Bank*, 367 S.W.3d 111, 118 (Mo. App. S.D. 2012)). "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence."[4] *Hampton*, 121 S.W.3d at 223.

We are not required to view "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award." *Wilson v. Progressive Waste Sols. of Mo., Inc.*, 515

---

[4] In *Hampton v. Big Boy Steel Erection*, the Supreme Court of Missouri recognized "[t]he constitutional standard ('supported by competent and substantial evidence upon the whole record') is in harmony with the statutory standard ('sufficient competent evidence in the record')." 121 S.W.3d 220, 222 (Mo. banc 2003). For clarity in this opinion, we use "sufficient competent evidence," unless quoting from another authority. For a detailed history of this standard of review, see *Davis v. Research Med. Ctr.*, 903 S.W.2d 557 (Mo. App. W.D. 1995).

S.W.3d 804, 807 (Mo. App. E.D. 2017) (quoting *Hampton*, 121 S.W.3d at 223). Reversal on the basis that the Commission's award is unsupported by sufficient competent evidence or the evidence weighs overwhelmingly against the Commission's award "is warranted only in rare cases." *Brune v. Johnson Controls*, 457 S.W.3d 372, 376 (Mo. App. E.D. 2015) (internal citations omitted). This Court reviews the findings of the Commission, not the ALJ. *Lawrence v. Anheuser Busch Cos. Inc.*, 310 S.W.3d 248, 250 (Mo. App. E.D. 2010). Where, as here, the Commission affirms and incorporates the ALJ's decision in its award, this Court reviews the findings of the ALJ as adopted by the Commission. *Cardwell v. Treasurer of State of Missouri*, 249 S.W.3d 902, 906 (Mo. App. E.D. 2008).

**Discussion**

Point I

In his first point relied on, Claimant argues the Commission's award is erroneous because it concluded he offered "no evidence" regarding the causation of his tinnitus and his work-related accident was not the prevailing factor in causing his tinnitus. Claimant's first point relied on combines two of the four possible grounds for this Court's review of the Commission's award. Claimant's point relied on argues "[t]he award of the Industrial Commission is not supported by *substantial and competent* evidence . . . [,]" which suggests he challenges the Commission's award under § 287.495.1(4). (emphasis added). However, Claimant's first point relied on also argues "the facts found by the Commission do not support the award," which suggests he challenges the Commission's award under § 287.495.1(3). Claimant's argument is unsuccessful under either ground.

If we view Claimant's argument as a challenge that the facts the Commission found do not support its award under § 287.495.1(3), his argument fails. Claimant argues the Commission

8

failed to include Dr. Cohen's determination of causation in making its findings of fact, and, as a result, "the Commission's award . . . [was] not . . . supported by the facts in the record." We note first that the Commission did not entirely ignore Dr. Cohen's testimony regarding the cause of Claimant's tinnitus. In its findings of fact, the Commission found Dr. Cohen "assigned a rating of 20% permanent partial disability of the whole person *due to* the chronic bilateral tinnitus *from the* incident dated 10/8/14." (emphasis added).

Regardless, "[i]t is the finding of facts, not the failure to find facts, which would defeat the award" in a § 287.495.1(3) challenge. *Buchanan v. Nicozisis*, 78 S.W.2d 492, 494 (Mo. App. 1935) (internal citations omitted). "A court may set aside the award, not because the [C]ommission failed to find facts which would support it, but because the [C]ommission found facts which would not support it. It must be an affirmative finding of facts which would make the award improper; facts inconsistent with the award." *Id. See also Turpin v. Turpin Elec., Inc.*, 904 S.W.2d 539, 546 (Mo. App. S.D. 1995) (Shrum, C.J., dissenting) (alterations in original) (quoting *Michler v. Krey Packing Co.*, 253 S.W.2d 136, 142 (Mo. banc 1952), overruled on other grounds by *Hampton*, 121 S.W.3d 220) ("[Section] 287.495.1(3) *contemplate[s] an unequivocal affirmative finding of what the facts are*.").

To challenge the Commission's award as not supported by the facts it found, Claimant needed to show the factual findings the Commission made are not consistent with its award. *Buchanan*, 78 S.W.2d at 494. Claimant made no such showing. The Commission found Claimant's treating records from DePaul Hospital Emergency Room indicated he had no fractures, complained of mild ringing in his right ear only, rated his pain at a severity of 2/10, and was released the same day without medication. The Commission found Claimant stated he experienced bilateral tinnitus, which caused him difficulty sleeping and concentrating, only after

9

seeing Dr. Cohen. The Commission further found Dr. Peeples testified there are several causes of tinnitus and, while trauma can cause tinnitus, Claimant suffered no traumatic brain injury from his work-related accident. The Commission found Dr. Peeples described tinnitus as a "nuisance" but testified he had "never seen a case that tinnitus resulted in an inability to work." These factual findings support the Commission's award concluding the work-related accident did not cause Claimant's tinnitus and Claimant suffered no permanent total disability. Any argument that the Commission's findings of fact do not support its award is without merit.

If we view Claimant's argument as a challenge that the Commission's award is not supported by sufficient competent evidence under § 287.495.1(4), his argument also fails. As an initial matter, we note Claimant did not follow the required analytical process for raising a § 287.495.1(4) challenge. When a party raises a claim that the Commission's findings are not supported by sufficient competent evidence, he or she must:

> (1) marshal all record evidence favorable to the award; (2) marshal all unfavorable evidence, subject to the Commission's explicit or implicit credibility determinations; and (3) show in the context of the whole record how the unfavorable evidence so overwhelms the favorable evidence and its reasonable inferences that the award is, in context, not supported by competent and substantial evidence.

*Brune*, 457 S.W.3d at 377 (citing *Jordan v. USF Holland Motor Freight, Inc.*, 383 S.W.3d 93, 95 (Mo. App. S.D. 2012)). "Adherence to this analytical formula is ***mandatory*** . . . because it reflects the underlying criteria necessary for a successful challenge—the absence of any such criteria, even without a court-formulated sequence, dooms an appellant's challenge." *Robinson v. Loxcreen Co., Inc.*, 571 S.W.3d 247, 251 (Mo. App. S.D. 2019) (alteration in original) (quoting *Nichols v. Belleview R-III Sch. Dist.*, 528 S.W.3d 918, 928 (Mo. App. S.D. 2017)). Any argument Claimant advances suggesting this formula does not apply in cases challenging the

Commission's award as not supported by sufficient competent evidence is incorrect as a matter of law.

Claimant fails to clearly identify any factual proposition necessary to support the Commission's award, marshal any evidence, or prove that any evidence supporting the Commission's award is so non-probative that no reasonable mind could believe the result the Commission reached. Here, Claimant's analysis focuses heavily on step two, emphasizing the evidence he believes is favorable to him, and ignores steps one and three. Claimant challenges two of the Commission's findings: (1) that Claimant offered "no evidence" regarding the causation of his tinnitus and (2) that the work-related accident was not the prevailing factor in causing his tinnitus.

The Commission's finding that Claimant offered "no evidence" regarding the causation of his tinnitus is not supported by the record before us. Claimant offered Dr. Cohen's testimony into evidence. Dr. Cohen testified the work-related accident caused Claimant to suffer a mild traumatic brain injury and resulting chronic bilateral tinnitus. Dr. Cohen further testified the work-related accident was the prevailing factor in causing Claimant's tinnitus. The Commission's finding that Claimant offered "no evidence" regarding the causation of his tinnitus is further refuted by its own findings of fact and conclusions of law. In its findings of fact, the Commission found Dr. Cohen rated Claimant as 20% permanently and partially disabled because of the chronic bilateral tinnitus he sustained from the work-related accident. In its conclusions of law, the Commission referenced Dr. Cohen's examination of Claimant and the fact Claimant stated he had bilateral tinnitus and difficulty concentrating and sleeping for the first time after seeing Dr. Cohen. Claimant offered evidence regarding the causation of his tinnitus. The

11

Commission's conclusion to the contrary finds no support in the record. The ALJ's award, adopted by the Commission, is poorly written in this regard.

However, there is plenty of sufficient competent evidence to support the Commission's finding that the work-related accident was not the prevailing factor in causing Claimant's tinnitus. Dr. Peeples' testimony supports the Commission's conclusion. Dr. Peeples testified the work-related accident was unlikely the prevailing factor in causing Claimant's tinnitus and was instead merely a potential cause of Claimant's tinnitus. Dr. Peeples also testified it is "physiologically" unlikely unilateral tinnitus caused by trauma could progress to bilateral tinnitus. Claimant argues Dr. Peeples and Dr. Cohen reached the same opinion regarding the cause of Claimant's tinnitus and, therefore, both of their opinions represent evidence favorable to him that the Commission arbitrarily disregarded. He highlights Dr. Cohen's opinion that the work-related accident was the prevailing factor in causing Claimant's tinnitus. He then states, "Dr. Peeples testified that the [work-related accident] was a potential cause of the tinnitus whether or not it fit the prevailing factor standard and therefore did not disagree with Dr. Cohen's causation opinion." Claimant's analysis ignores portions of Dr. Peeples' testimony and misunderstands the causation standard in workers' compensation cases.[5]

Claimant's argument that Dr. Peeples and Dr. Cohen reached the same opinion regarding the cause of his tinnitus ignores that Dr. Peeples found he *did not* have a mild traumatic brain

---

[5] Since 2005, a claimant must prove the work accident was "the prevailing factor" in causing his or her "resulting medical condition and disability." § 287.020.3(1) RSMo (2005); *Miller v. Mo. Highway & Transp. Comm'n*, 287 S.W.3d 671, 673 (Mo. banc 2009). "'The prevailing factor' is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability." § 287.020.3(1) (emphasis omitted). Before the 2005 amendments to workers' compensation law, a claimant needed to prove only that the work accident was "a substantial factor" in causing his or her resulting medical condition and disability. § 287.020.3(1) RSMo (1993). Although what constituted "a substantial factor" was never defined, Missouri courts interpreted the phrase as follows: "the use of the general article 'a' before 'substantial factor', as opposed to the specific article 'the', indicates a causative factor may be substantial even if it is not the primary or most significant factor." *Cahall v. Cahall*, 963 S.W.2d 368, 372 (Mo. App. E.D. 1998), overruled on other grounds by *Hampton*, 121 S.W.3d 220. Therefore, under current law, a claimant must prove the work accident was *the* prevailing factor, not merely a *substantial* factor (or potential cause).

injury because of the work-related accident, while Dr. Cohen found he *did*. Further, Dr. Cohen opined the work-related accident was *the* prevailing factor in causing Claimant's tinnitus, while Dr. Peeples opined the work-related accident was *a* potential cause of Claimant's tinnitus. Dr. Peeples and Dr. Cohen disagree regarding the causation of Claimant's tinnitus. Because Dr. Peeples' testimony contradicted Dr. Cohen's testimony, this is not a case where the Commission arbitrarily cast aside uncontradicted medical testimony, as Claimant suggests. Dr. Peeples' opinion regarding causation is not evidence contrary to the Commission's conclusion that Claimant failed to prove causation. Because Claimant "effectively ignores proof that supports the Commission's award" by misconstruing Dr. Peeples' testimony, his argument is stripped "of any analytical or persuasive value." *Robinson*, 571 S.W.3d at 251 (internal quotations omitted).

Although Dr. Cohen's testimony that the work-related accident was the prevailing factor in causing Claimant's tinnitus represents evidence contrary to the Commission's award, we must view that contrary evidence "subject to the Commission's explicit or implicit credibility determinations." *Brune*, 457 S.W.3d at 377 (citing *Jordan*, 383 S.W.3d at 95). The Commission found Dr. Peeples' testimony "more persuasive" regarding the causation of Claimant's tinnitus. Although the Commission never explicitly found Dr. Cohen was not persuasive or not credible, it is implicit in the Commission's phrasing it found Dr. Peeples *more* persuasive *than* Dr. Cohen, as Drs. Cohen and Peeples were the only two medical experts to testify regarding the causation of Claimant's tinnitus.

It is the Commission's function "to accept or reject medical evidence." *Porter v. RPCS, Inc.*, 402 S.W.3d 161, 171 (Mo. App. S.D. 2013). "The Commission is free to believe whatever expert it chooses as long as each opinion is based on substantial and competent evidence, and the appellate court will not disrupt such choice even if the competing expert is worthy of belief."

*Cole v. Alan Wire Co., Inc.*, 521 S.W.3d 308, 315 (Mo. App. S.D. 2017) (quoting *Beatrice v. Curators of Univ. of Mo.*, 438 S.W.3d 426, 437 (Mo. App. W.D. 2014)). Further, "[t]he testimony of one witness, even if contradicted by the testimony of other witnesses, may be sufficient competent evidence to support an administrative decision." *Thompson*, 545 S.W.3d at 893 (citing *Morris*, 436 S.W.3d at 735). After hearing all the evidence, the Commission concluded Dr. Peeples' testimony regarding causation was more persuasive. There is nothing in the record indicating Dr. Peeples' opinion is not based on sufficient competent evidence or is so non-probative that no reasonable mind could believe the Commission's conclusion that the work-related accident did not cause Claimant's tinnitus. It is within the province of the Commission to determine the credibility of witnesses. *Wilkins v. Piramal Glass USA, Inc.*, 540 S.W.3d 891, 895 (Mo. App. E.D. 2018). We will not disturb the Commission's determination. Therefore, we find Dr. Peeples' testimony is sufficient competent evidence that supports the Commission's award.

Although the Commission's conclusion that Claimant offered "no evidence" of the causation of his tinnitus is not supported by sufficient competent evidence, the Commission's conclusion that Claimant failed to prove the work-related accident was the prevailing factor in causing his tinnitus is supported by sufficient competent evidence. Because "[w]e will not reverse the Commission's decision if it reaches the right result even if it gave a wrong or insufficient reason for its ruling," Point I is denied. *Clark v. Dairy Farmers of Am.*, 536 S.W.3d 801, 805 (Mo. App. S.D. 2018) (internal quotations omitted).

## Point II

Because Claimant contends the Commission erred in concluding his injury was not compensable, he argues in his second point relied on that the Commission also erred in failing to decide the issues of his level of disability, the Fund's liability, and his entitlement to future

medical treatment. Claimant concedes that our denial of Point I is dispositive of Point II. Therefore, we decline to address Point II.

## Conclusion

After review of the entire record, we find sufficient competent evidence exists to support the Commission's denial of Claimant's claim for permanent total disability against Employer and the Fund. Therefore, we affirm the Commission's award.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

15